The People of the State of Illinois, Plaintiff-Appellee, v. Bernard E. Garner, Defendant-Appellant.

(No. 70-16; 

Fifth District—February 3, 1971.

D. D. Bigler, of Anna, for appellant.

William A. Lewis, State's Attorney, of Jonesboro, (R. Corydon Finch, Assistant State's Attorney, of Anna, of counsel,) for the People.

PER CURIAM:

On December 4, 1969 the defendant waived indictment and pleaded guilty to two counts of an information charging him with forgery in violation of Chapter 38, Par. 17—3(a)(1) and (a)(2) of the Illinois Revised Statutes, 1969. He was then sentenced to a minimum of two years and a maximum of ten years in the penitentiary.

Nowhere in the proceedings before the trial court in this case did the trial judge advise him of his right to a jury trial.

On June 2, 1969, the United States Supreme Court in *Edward Boykin, Jr. v. State of Alabama,* 395 U.S. 238, 23 L.E.2d 274, 89 S.Ct. 1709, held that reversible error, plain on the face of the record, occurred because the record in the trial court did not disclose that the defendant knowingly and understandingly entered his pleas of guilty. The Supreme Court at 23 L.Ed.2d at 279—80 said:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. [Case cited.] Second, is the right to trial by jury. [Case cited.] Third, is the right to confront one's accusers. [Case cited.] We cannot presume a waiver of these three important federal rights from a silent record.

What is at stake for an accused facing death or imprisonment de-

mands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought [Citing cases.], and forestalls the spin-off of collateral proceedings that seek to probe murky memories."

In *People v. Williams,* 44 Ill.2d 334, 255 N.E.2d 385, the defendant claimed reversible error because the sentencing court's admonishment did not inform defendant of his right to a jury trial as required by *Boykin.* Our Supreme Court held that *Boykin* was inapplicable since Williams' plea of guilty was entered before June 2, 1969.

■■ Since Garner's plea was entered after June 2, 1969, *Boykin* is applicable. We therefore reverse defendant's conviction and remand this case to the trial court with directions for the trial court to permit the defendant to withdraw his plea of guilty and plead anew.

Reversed and remanded with directions.