THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHNOS COTTON, Defendant-Appellant.

(No. 70-76;

Fifth District—December 22, 1971.

Paul Bradley, of Defender Project, of Mt. Vernon, (Richard J. Wilson, (Senior Law Student), of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

Defendant was indicted for murder and upon the charge being reduced to voluntary manslaughter entered a plea of guilty to that charge and petitioned for probation. After an investigation and a hearing on the petition for probation and on mitigation and aggravation, probation was denied and defendant was sentenced to serve a minimum of 12 years and a maximum of 20 years. Defendant was advised of his right to appeal, but timely notice of appeal was not filed. This Court granted the filing of a late notice of appeal pursuant to Supreme Court Rule 606(c). Ill. Rev. Stat. 1969, ch. 110A, par. 606(c).

■■ Defendant's first contention on appeal is that he was inadequately admonished by reason of the trial court failing to specifically advise defendant of his privilege against compulsory self-incrimination, before accepting defendant's plea of guilty. The plea was accepted in April 1970, after *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23

L.Ed.2d 274 and *McCarthy v. United States* (1969), 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, and before Supreme Court Rule 402 Ill. Rev. Stat. ch. 110A, par. 402,) but Supreme Court Rule 401(b) (Ill. Rev. Stat. 1969, ch. 110A, par. 401(b)), was applicable. Defendant's argument is based upon the following language from *Boykin* (395 U.S. 243):

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. [Citation.] Second, is the right to trial by jury. [Citation.] Third, is the right to confront one's accusers. [Citation.] We cannot presume a waiver of these three important federal rights from a silent record."

Two recent opinions of our Supreme Court have resolved this identical contention. In *People v. Reeves*, 50 Ill.2d 28, our Supreme Court said: "We find nothing in *Boykin* which compel specific admonitions and waivers with respect to the 'several constitutional rights' to which *McCarthy* refers but does not enumerate". In *People v. Arndt*, 50 Ill.2d 390, our Supreme Court said, "The Supreme Court itself has not interpreted the *Boykin* case in the literal way in which the defendant reads it", and pointed out that *Boykin* requires that the record must affirmatively disclose that the plea was accepted after it was "understandingly and voluntarily" entered.

We find that the record in the present case affirmatively discloses that defendant's plea of guilty was made understandingly and voluntarily.

■■ Defendant's second contention is that the sentence imposed was excessive. We find nothing in the record that negates the possibility of rehabilitation of this 30 year old defendant, other than the seriousness of the offense and the aggravating circumstances under which it was committed. The sentence of 12 to 20 years does not conform to any standard of which we are informed and have previously commented upon. We believe a minimum of eight years would be adequate and more in compliance with those standards, and therefore modify the sentence to provide a minimum of eight years with a maximum of 20 years.

Judgment of conviction affirmed, sentenced modified.