THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STARLING BOLDEN, Defendant-Appellant.

No. 71-178;

Fifth District—October 16, 1972.

James R. Streicker, of Defender Project, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Charles H. Stegmeyer, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant, along with his younger brother, Lawrence Bolden, pled guilty to the charge of burglary in violation of Ill. Rev. Stat. 1969, ch. 38, par. 19—1, and was sentenced to a term of not less than two nor more than four years in the Illinois State Penitentiary.

Before accepting their pleas, the following exchange took place:

"The Court: You gentlemen are both charged with the crime of burglary. What is the authority on minimum and maximum sentence?

Ass't. State's Attorney: I believe burglary is to an indeterminate amount of time.

The Court: Do you understand if you are convicted, the court will sentence you to one to any number of years in the penitentiary? Do you understand that?

Defendant: Yes.

The Court: You have a right to plead guilty. No one can compel you to plead guilty. If you do plead guilty, there will not be a trial. You are waiving your right to have witnesses to testify in your behalf. The court must be satisfied that this plea is voluntary. You are making this plea of your own free will? No one is forcing you or compelling you?

Defendant: Yes, sir.

The Court: The court must determine whether or not there is a factual basis for your plea. Are you satisfied [directing the question to the defendant's attorney] that these men participated in a crime?"

At this point defense counsel stated that the evidence was overwhelmingly in support of the charges contained in the indictment.

"The Court: As I understand through your attorney, you have entered into a plea bargain agreement between the state's attorney and you have agreed that your sentence should be 2 to 4 years in the penitentiary to run concurrent with any imposition of parole violation on a previous offense. It is my understanding you will apply for probation. You understand your case will be referred to the probation officer. * * * Upon filing your plea of guilty, the court finds you guilty in the manner and form as in the indictment."

The court went on to inform defendants of their right to appeal.

On appeal defendant contends that he was denied due process of law when his guilty plea was accepted by the trial court without first advising him of his constitutional right to remain silent, his constitutional right to a trial by jury, and his constitutional right to confront the witnesses against him and that by pleading guilty he waived these rights.

■■ Defendant first argues that the trial court erred in accepting his guilty plea without first advising him of his constitutional right to remain silent. The essence of this right is the Fifth Amendment privilege against self-incrimination. Recent Illinois decisions of both the Supreme Court and Appellate Courts (*People v. Miller*, 3 Ill.App.3d 712, 279 N.E.2d 64;

*People v. Mendoza*, 48 Ill.2d 371; *People v. Arndt*, 49 Ill.2d 530, 276 N.E.2d 306; *People v. Cotton*, 3 Ill.App.3d 706, 279 N.E.2d 62), stated that the trial court is not required to specifically admonish the defendant of his privilege against compulsory self-incrimination before accepting his plea of guilty, but that it is required that the plea be accepted only after it is "understandingly and voluntarily" entered. Second, the defendant argues that he was not properly informed of his constitutional right to trial by jury before the trial court accepted his guilty plea in violation of Illinois Supreme Court Rule 402(a)(4). This section of the rule states that the trial court is required to admonish the defendant of his right to a trial by jury before accepting his guilty plea. Specifically, defendant argues that the words "by jury" were omitted from the trial court's admonishment, and this is reversible error. In *People v. Mendoza*, 48 Ill.2d at 371, the Illinois Supreme Court stated there was substantial compliance with Rule 402 where the record disclosed the free and voluntary character of defendant's plea and where there was no evidence supporting defendant's claim that he did not understand the consequences of his plea. However, in that case the trial court had asked the defendant, "Now, when you plead guilty, you automatically waive your right to a jury trial, do you understand that?" Rule 402 also states that the trial court must admonish the defendant that he has the right to be confronted by the witnesses against him before his guilty plea can be properly accepted.

■■ The omissions or failures of the trial court to admonish the defendant of his right to a trial by jury and his right to be confronted by the witnesses against him, both of which he would waive by pleading guilty, are substantial deficiencies. The element of knowingly and understandingly waiving trial by jury is an essential one. (*People v. Garner*, 130 Ill.App.2d 932, 267 N.E.2d 38; *People v. Rosen*, 128 Ill.App.2d 82, 261 N.E.2d 488.) An explanation of the right to confrontation adds to the assurance of defendant's understanding. Therefore, by omitting to include these aspects of defendant's right to trial in his admonishment, the trial court failed to substantially comply with the requirements set forth in Rule 402. For these reasons the trial court's sentence of conviction should be reversed and this case remanded to the Circuit Court of St. Clair County with directions that defendant be permitted to plead anew if he so desires.

Reversed and remanded with directions.

EBERSPACHER and CREBS, JJ., concur.