18

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MOSE DUDLEY, Defendant-Appellant.

(No. 57763; )

First District (4th Division)—September 26, 1973.

*Supplemental opinion filed October 31, 1973 upon denial of rehearing.*

Kenneth L. Gillis, Deputy Defender, of Chicago, (James R. Streicker, Assistant Appellate Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (James Veldman and Douglas Cannon, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Mose Dudley, was convicted of attempted rape in the Circuit Court of Cook County after he entered a plea of guilty, and he was sentenced to a term of three to eight years in the Illinois State Penitentiary.

The issues on appeal are whether the trial court failed to observe the procedure prescribed in Supreme Court Rule 402, and whether the sentence was excessive.

A stipulation of facts reveals the defendant was apprehended while attempting to rape Betty Juska in the vestibule at 515 West Wrightwood in the City of Chicago on January 23, 1972.

A review of the common law record shows he entered a plea of not guilty on March 16, 1972, and the public defender was appointed to represent him. On May 15, 1972, the defendant appeared before the court and through his attorney asked for a conference, which was then held off the record in chambers. When the case was reconvened in open court the defendant asked to speak with the judge off the record. Another conference was then held between the defendant, his counsel and the judge. After this conference, the defense counsel informed the court on the record that the defendant wished to withdraw his plea of not guilty and enter a plea of guilty.

The court explained to the defendant that he had a right to a jury trial and that on a plea of guilty he could be sentenced to the penitentiary for not less than one nor more than fourteen years, and asked if any

threats or force had been used in order to get him to change his plea. The defendant waived a jury and responded that no threats or force had been used. Then the following exchange took place:

"THE COURT: And you heard your counsel make statements that there has been a plea negotiation with the Court and with the State's Attorney and, based upon what you have heard, are you satisfied with the agreement that your lawyer has entered into on your behalf?

THE DEFENDANT: Yes."

Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, § 402) provides in part:

"(b) Determining Whether the Plea Is Voluntary.

The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea."

The defendant contends it was reversible error for the judge to fail to state the terms of the plea agreement in open court. He cites the case of *People v. Ridley* (1972), 5 Ill.App.3d 680, in which the cause was reversed and remanded because the court admonished the defendant but neither made reference to a plea agreement nor stated the terms in open court. The rationale for the decision was expressed as follows:

"* * * one of the purposes of the requirements, as expressed in *Boykin* [*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709] and by the Supreme Court Rules Committee in its Comments, is to prevent a defendant from swearing falsely in a later collateral attack upon the proceedings that the terms of the agreement reached were other than the actual sentence imposed. Compliance with the requirements of this paragraph of the rule is essential in order to accomplish that purpose even where, as here, defendant makes no assertion that the sentence he received was greater than that agreed upon. Otherwise the multiplicity of collateral attacks upon original criminal proceedings, now inundating all courts, would continue."

In the absence of any allegation that the sentence received was other than the one bargained for, we believe the defendant has not been prejudiced by the failure of the trial court to strictly comply with Supreme Court Rule 402. In *Boykin*, the United States Supreme Court held.

that it was a violation of due process to accept a guilty plea unless the record affirmatively showed that a defendant voluntarily and understandingly entered a plea of guilty and stated that such affirmative showing "forestalls the spin-off of collateral proceedings that seek to probe murky memories." In the instant case there has been no allegation of any impropriety regarding the sentencing either at trial or on appeal. Therefore, there is no need to probe "murky memories." The defendant does not claim a breach of the plea agreement and the safeguard does not apply. Furthermore, the Supreme Court has required only substantial compliance with Rule 402. *People v. Mendoza* (1971), 48 Ill.2d 371.

In the alternative, the defendant asserts the sentence of three to eight years is excessive. He argues he was only twenty years of age at the time of his conviction, came from a broken home and suffered from a nervous condition which made it difficult for him to get along.

■■ In the light of the defendant's prior record and the opportunity of the trial judge to observe the defendant, we find the sentence did not violate the guidelines set forth in *People v. Taylor* (1965), 33 Ill.2d 417, and did not constitute an abuse of discretion by the trial court.

■■ A reduction of sentence by this court is particularly inappropriate in the instant situation where the sentence was imposed as the result of a plea bargain and the defendant received exactly the sentence for which he bargained.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.

## SUPPLEMENTAL OPINION

Mr. JUSTICE DIERINGER delivered the opinion of the court:

■■ The defendant filed a petition for rehearing calling attention to the new Unified Code of Corrections (Ill. Rev. Stat. 1972, Ch. 38, § 1001—1—1 *et seq.*), effective January 1, 1973, while this case was pending on review in this court. It was not mentioned in the briefs filed. However, it has been held in *People v. Chupich* (1973), 53 Ill.2d 572, and *People v. Harvey* (1973), 53 Ill.2d 585, that defendants whose cases are pending on direct appeal on the effective date of the Unified Code of Corrections are entitled to the benefits of the sentencing provisions of that Code.

■■ Rape is categorized as a "forcible felony" under Illinois Revised Statutes, Chapter 38, section 2—8, and the sentence classification for the

offense of attempt under Illinois Revised Statutes, Chapter 38, Section 8—4 (1972 Supp.) is as follows:

"(c) Sentence.

A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but, except for an attempt to commit the offense defined in Section 33A—2 of this Act,

(1) the sentence for attempt to commit murder shall not exceed the sentence for a Class 1 felony;

(2) the sentence for attempt to commit treason, or aggravated kidnapping shall not exceed the sentence for a Class 2 felony;

(3) the sentence for attempt to commit any other forcible felony shall not exceed the sentence for a Class 3 felony; and

(4) the sentence for attempt to commit any offense other than those specified in Subsections (1) and (2) hereof shall not exceed the sentence for a Class 4 felony."

We think rape being defined as a "forcible felony," attempt rape comes within subsection (3), making it a Class 3 felony with the permissible range of sentencing being one to ten years. (Ill. Rev. Stat., Ch. 38, § 1005—8—1(b)(4) and (c)(4).) Since defendant's maximum sentence for attempted rape has been set at eight years, his minimum sentence cannot exceed one-third of the maximum sentence under Section 1005—8—1(c)(4) of the Illinois Revised Statutes, which is two years and eight months.

■■ For that reason, the minimum sentence is reduced to two years and eight months, and the Clerk of the Circuit Court is ordered to file an amended *mittimus* accordingly. In all other respects the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed as modified and rehearing denied.

ADESKO and JOHNSON, JJ., concur.