(No. 46330.–▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MOSE DUDLEY, Appellant.

*Opinion filed September 17, 1974.*

Paul Bradley, State Appellate Defender, of Chicago (James R. Streicker, Assistant Appellate Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., and Marianne Jackson, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

After pleading guilty in the circuit court of Cook County on May 15, 1972, to an indictment charging attempted rape, Mose Dudley, the defendant, was sentenced to a term of from 3 to 8 years. On appeal (15 Ill. App. 3d 18) the appellate court affirmed the conviction but reduced the defendant's sentence to a term of 2 years and 8 months to conform with the maximum sentence permitted under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*). We granted the defendant's petition for leave to appeal.

On this appeal the defendant states that his plea of guilty was the result of a plea agreement and that contrary to the provisions of our Rule 402(b) the terms of the agreement were not stated in open court. Nor did the trial judge question him, he says, in open court to confirm the terms of the plea agreement as Rule 402 requires. The

defendant asks that his conviction be reversed and the cause remanded with directions that he be permitted to plead again to the indictment.

There is no question that the plea of guilty entered was pursuant to a plea discussion and agreement. The record shows that prior to the entering of the plea the defendant was advised by the circuit judge of his right to trial by jury and of the minimum and maximum sentences possible upon his conviction. It discloses, too, that the judge satisfied himself that the plea was voluntary and that there was a factual basis for the plea. The defendant was asked by the court if he was satisfied with the plea agreement that his attorney had arranged in his behalf and the defendant answered that he was. It is clear, however, that the terms of the agreement were not stated in open court and that the court did not question the defendant as to the terms of a plea agreement.

Rule 402 provides in part:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

* * *

(b) *Determining Whether the Plea Is Voluntary.* The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." 50 Ill.2d R. 402.

The Committee Comments to paragraph (b) state:

"In contrast to current practice, paragraph (b) also requires that if the tendered plea is the result of a plea agreement, then the agreement must be stated in open court. It is important to give visibility to the plea agreement process in this way, as otherwise the defendant may feel required to state falsely that no promises were made and the plea may later be subject to collateral attack."

The failure to state the plea agreement reached by the parties was error. (*People v. Ridley*, 5 Ill. App. 3d 680; 1 Loyola U.L.J. 1 (1970).) The Committee Comments to paragraph (b) set out adequate reasons why such an agreement should be made of record in open court. In addition, the requirement prevents misunderstandings as to the terms of an agreement. It is an efficient means of reducing what is typically an oral understanding to a matter of record. It also insures that the agreement will be visible for examination. This tends to insure that such plea agreements as may be entered into will be equitable and fair, considering both the interest of the defendant and the public interest in effective law enforcement. Announcing the agreement in open court will deter or at least expose any prosecutive timidity, overreaching or other impropriety, as well as deter future unfounded claims by a defendant that an agreement entered into was not honored.

The People say that Rule 402 calls for only "substantial compliance" with its requirements and argue that because of the detailed admonitions which were given the defendant by the court before the acceptance of his plea of guilty there was substantial compliance with Rule 402(b).

The argument cannot be supported. There was no compliance whatever with the rule's requirement that the plea agreement shall be stated in open court. Too, there was no compliance with the related requirement of the rule that the judge, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement.

It does not follow, however, that the failure to comply with these provisions of Rule 402(b) must result in a reversal of the judgment of conviction. There is no claim that the plea of the defendant, who was represented by counsel, was not voluntary. There is no other claim of harm or prejudice to the defendant. When questioned by

the judge the defendant expressed himself as being satisfied with the plea agreement which had been negotiated for him by his attorney, and even now there is no expression of dissatisfaction with the plea agreement's terms. And finally, there is no contention by the defendant that the plea agreement was not honored—no claim that the sentence imposed was not the one agreed upon. What we observed in *People v. Morehead,* 45 Ill.2d 326, 332, is appropriate here: "It is not the policy of this court to reverse a judgment of conviction merely because error was committed unless it appears that real justice has been denied ***."

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*