THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN SMEATHERS, Defendant-Appellant.

(No. 73-162; )

Second District (2nd Division)—February 14, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

William Sisler, State's Attorney, of Freeport (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant pleaded guilty to a charge of theft of property worth over $150 and was sentenced to a term of not less than 2 nor more than 6 years in the penitentiary. In this appeal, the defendant contends he was not adequately admonished by the trial court as to the nature of the charge before his plea of guilty was accepted, as required by Supreme Court Rule 402(a)(1).

The facts developed by the testimony at the hearing on the guilty plea established that the defendant and several companions were riding around in an old truck owned by the defendant, and, while doing so, they stopped at a farmhouse for the purpose, so the defendant said, of borrowing some tools to repair his ailing truck. The defendant and his companions had been drinking beer while driving around.

The defendant and his companions knocked at the door of the farmhouse but received no answer. Defendant's companions admitted that

they then proceeded to break the door open and to steal several articles of personal property from the house. The defendant never specifically admitted the breaking and entering, but the State was prepared to establish by a fingerprint expert that defendant's fingerprints were found on the bedroom dresser upstairs.

While the defendant and his companions were in the house, a neighbor noticed the truck and called the owner of the house who was visiting at a neighboring farm, asking her if she had given permission to anyone to come upon the premises. Upon receiving a negative answer the neighbor drove his tractor into the driveway and blocked the defendant's egress. Shortly afterward the police arrived, and after the defendant protested his innocence and gave permission for the police to search the truck, the police made a search and found several articles in the truck which the owner identified as being property which belonged to her which had been removed from the house. The defendant contends he did not steal anything from the house, but several of his companions say he did. The defendant claims he does not remember stealing anything from the house.

At his arraignment, the defendant, after proper admonishment as to the nature of the charge, pleaded not guilty. Some 2 months later, after negotiations between his attorney and the assistant State's attorney, the defendant offered to plead guilty to the charge of theft only but not to the charge of burglary. At the hearing on the guilty plea the trial court carefully explained to the defendant his right to a trial by jury, his right to remain silent, his right against self-incrimination, and the maximum and minimum sentences for theft of property over $150, and also inquired whether any threats or promises had been made to induce the defendant's guilty plea. Before accepting the plea of guilty to the theft charge the judge then asked if the State's attorney had any evidence against the defendant, whereupon the State's attorney detailed the evidence indicating both burglary and theft had occurred.

The contention that the trial court did not make sure that the defendant understood the nature of the charge and knowingly pleaded guilty to such charge appears to be based on a part of the colloquy between the court and the defendant, as shown below, which occurred immediately before the State's attorney described in detail what had occurred at the farmhouse:

> "[By the Court] Q. Do you enter this plea of guilty to this charge because you did, in fact, do the things it is alleged that you did in Count II of this indictment?
>
> [Defendant] A. No, your Honor.
>
> [By Mr. Mahoney, privately employed Defense Counsel] May I address the Court on that?

[By the Court] You may.

[By Mr. Mahoney] Your Honor, Mr. Smeathers has at this time no recollection of doing the acts of which he is charged in Count II. He has been—after I obtained discovery of the State's Attorney's evidence and have been confronted with the evidence, and I have gone over it with him, and he and I agree that the evidence is, in fact, insurmountable, and based upon our belief that the evidence has no defense to it, we are entering a guilty plea. That's Mr. Smeathers' understanding at this time, I believe.

[By the Court] Q. Is this correct, Mr. Smeathers?

[Defendant] A. Yes.

[By the Court] Q. Is it your understanding that you are aware of the evidence against you in this case, and that you feel that this evidence is insurmountable, and you have no recollection of the incident with which you are charged, is that correct?

[Defendant] A. Yes.

[By Mr. Mahoney] May I correct that slightly. He has some recollections of the incident. He does not remember doing the elements of the crime which is charged in Count II.

[By the Court] Q. Now, when you say you have no recollection, I assume this means you don't have any recollection of your not doing it either, is that correct? In other words, there is a period of time here in which you have no recollection of what you did, is that what you are saying?

[Defendant] A. In a way, I guess."

Immediately following this colloquy, the State's attorney outlined the evidence against the defendant in considerable detail, including fingerprint evidence. Then, after asking the defendant if he was satisfied with his attorney and receiving an affirmative answer and again asking the defendant if he still persisted in his plea of guilty, to which the reply was "Yes," the court accepted defendant's plea.

There is no question, of course, that the salutary provisions of Supreme Court Rule 402(a)(1) (Ill. Rev. Stat. 1971, ch. 110A, par. 402 (a)(1)), requiring an explanation of the nature of the charge, must be substantially complied with before the court accepts a guilty plea. When, after such explanation, the defendant's reaction casts doubts on his understanding of the nature of the crime he is pleading to, the court should not accept the guilty plea, and if he does so it is grounds for reversal of the conviction. The point is well established by the case of *People v. Farnsworth* (1973), 10 Ill.App.3d 844, an opinion of this court, which the appellant cites in his brief. There the defendant pleaded guilty to the charge of attempted murder, but in the hearing on the guilty plea

he persisted in denying the specific intent to commit murder, saying at last: "'I didn't intend to kill anyone, but I did shoot him with intent to commit the robbery.'" (10 Ill.App.3d 844, 846.) This court held that even though the shooting occurred during the commission of a felony, it did not come under the rules of felony-murder which do not require a specific intent to kill but, since the victim did not die, came under the rule pertaining to attempted murder, and since that is a crime requiring a specific intent to kill, the defendant's guilty plea was inconsistent with his rejection of such specific intent and therefore should not have been accepted as a proper guilty plea.

We consider the *Farnsworth* case an entirely proper decision, but it obviously turned on a technicality which is not present in the case before us, and the *Farnsworth* case is of no help to the defendant. It is true that the crime of theft requires a specific intent to deprive the owner permanently of the use and benefit of his property, but the defendant in this case did not deny that such was his intent; he merely alleged that he did not remember all that occurred (his counsel stated that he recalled something of the incident but not all of it) and he did not recall either committing the theft or not committing it, either one. He therefore did not deny either the act or the intent but stated that since his fingerprints were found on the dresser from which some of the articles were stolen he could not say he was not involved. This is far different from the *Farnsworth* case, where the defendant stated clearly what the state of his mind was and that it was *not* to do the act he was charged with attempting. The clear-cut inconsistency which impaired the guilty plea in the *Farnsworth* case is therefore lacking in the case before us.

On motion we allowed the defendant to cite additional authority, and he has cited the recent cases of *People v. Billops* (1974), 16 Ill.App.3d 892, and *People v. Hawkins* (1974), 17 Ill.App.3d 863, both dealing with admonishments prior to a guilty plea.

We find *Hawkins* not to be apposite to the facts before us, inasmuch as there was no recital of the evidentiary facts in that case such as occurred in the present case, nor did the court advise the defendant that by pleading guilty he waived a jury trial nor have him sign a jury waiver. In the instant case the evidentiary facts were related by the State's attorney in great detail, and the defendant was informed fully that he had an "absolute right" to a trial by jury, and after indicating that he wished to waive that right, he also signed a jury waiver. The cases are not similar.

As to *Billops*, that case relates to the nature of the charge and is therefore very similar not only to the present case but also to the case of *People v. Krantz* (1973), 12 Ill.App.3d 38, also cited in the defendant's

brief and dealing also with the admonishment under Supreme Court Rule 402 as to the nature of the charge. Due to the similarity of the *Krantz* and *Billops* cases, we believe our comment on *Krantz* will suffice to deal with both cases.

In *Krantz,* the appellate court held the inquiry made of the defendant as to his understanding of the nature of the charge was insufficient, reversed the trial court and remanded with directions allowing the defendant to plead anew. However, the State appealed this decision and the appellate court's opinion was recently reversed by our supreme court in *People v. Krantz* (1974), 58 Ill.2d 187, 189-90, in an opinion which we feel governs the case before us. There the trial court did not explain the nature of the charge but merely asked the defendant: "Mr. Krantz, do you understand what you're charged with in these indictments, forgery?", to which the defendant answered, "yes". The appellate court felt this was not sufficient admonishment, even though it conceded that the defendant had made certain observations that might tend to indicate he understood what he was charged with. (Specifically, the defendant stated he had forged the checks in a spirit of revenge against the victim, for "going with my mother.") In reviewing the *Krantz* case on appeal, the supreme court said the intent and purpose of Rule 402(a)(1) as relates to the nature of the charge is simply to make sure that the defendant understands well enough what he is charged with to make an intelligent plea, whether of guilty or not guilty. Since the question is one of *understanding,* as the supreme court emphasizes, "the entire record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge." (58 Ill.2d 187, 192.) The supreme court pointed out that the State's attorney in the *Krantz* case had made a detailed statement of the prosecutive evidence in the presence of the defendant and his attorney which was not only not demurred to by either, but the defendant had explained his motive in committing the forgery, thus confirming his understanding of what he had done. The court noted that in the light of previous decisions (see *People v. Mendoza,* 48 Ill.2d 371, 373-374) there need be only substantial compliance, not literal compliance, with the provisions of Rule 402, and in view of the detailed recital of the facts made by the State's attorney and assented to by the defendant's silence and the comment of the defendant as to his motive, the rule was substantially complied with as indicating that the defendant understood the nature of the charge against him. In concluding, the supreme court quoted with approval the language of the court in *People v. Doyle,* 20 Ill.2d 163, 166-67: "[T]he remarks and advice of the court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the

accused would understand them as conveying the information required by the rule."

We believe the facts and circumstances of the case before us are sufficiently similar to the *Krantz* case for that case to be considered as binding in the present appeal. Here, also, the State's attorney presented the evidentiary facts in great detail in open court, showing that a burglary and theft had occurred and that the defendant was involved. The defendant could hardly have misunderstood that he was charged with theft, since he stated in open court that he wished to plead guilty to the theft charge but not to the burglary charge. Manifestly, by this remark, he indicated an understanding of the nature of the theft charge. His qualification of his guilt in the colloquy quoted above is not a denial of his guilt nor does that claimed lack of recollection as to some of the details recited by the State's attorney indicate anything as to the *nature* of the crime, which is the point raised in this appeal. Pinned down by the judge as to his plea, he reiterated that he wished to plead guilty to the charge of theft, and he did not dispute the State's attorney's recital of the facts except to say that he had no recollection of actually removing the articles in question from the house.

In *North Carolina v. Alford,* 400 U.S. 25, 31, 27 L.Ed.2d 162, 168, 91 S.Ct. 160, the Supreme Court dealt with a case wherein the defendant protested his innocence in the face of his own plea of guilty. In that case the court said:

> "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. [Citations.] That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage."

The case before us does not present a question of understanding but a question as to the ultimate fact itself, that is, as to whether defendant committed the crime, and on this point, faced with the evidence of his own fingerprints, he conceded that the evidence showed his guilty participation. Based solely on the question of understanding of what he was charged with, it appears to us the recital of the evidentiary facts in open court was sufficient to clearly establish the nature of the crime and the defendant's own comments indicated his understanding of the charge arising from these facts. We therefore hold that there was substantial compliance with Rule 402(a)(1) in this case.

924

The judgment of the circuit court of Stephenson County is therefore affirmed.

Judgment affirmed.

T. MORAN and DIXON, JJ., concur.