THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DEWEY J. WHITE, Defendant-Appellant.

(No. 12758; ▮▮▮▮▮▮▮▮▮▮▮)

Fourth District—May 22, 1975.

CRAVEN, J., dissenting.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant appeals convictions entered pursuant to his negotiated pleas of guilty to driving with a revoked driver's license (Ill. Rev. Stat. 1973, ch. 95½, par. 6—303) and driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501). The negotiations called for the imposition of concurrent sentences of 6 months to be served at the State penal farm at Vandalia, and for the termination of probation upon another conviction not appearing in the record. There was to be no sentence imposed upon the revocation of probation. At issue is the result of the trial court's failure to substantially comply with the requirements of Supreme Court Rule 402(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(c)) to the effect that the court shall not enter final judgment without first determining that there is a factual basis for the plea.

It is undisputed that the trial court totally failed to indicate in the record how or whether the court satisfied itself that there was a factual basis for defendant's plea. The normal procedure under such circum-

stances is to reverse the conviction and remand to allow the defendant to plead anew (*People v. Pruitt*, 7 Ill.App.3d 808, 288 N.E.2d 549). However, not all failures to comply with Rule 402 require reversal of the conviction (*People v. Dudley*, 58 Ill.2d 57, 316 N.E.2d 773). In *Dudley*, there was no compliance whatsoever, let alone substantial compliance, with the requirement that the plea agreement be stated in open court or that the judge confirm the terms of the agreement by questioning the defendant personally. It was held, however, that mere failure to comply with Rule 402 would not result in reversal of the conviction unless it appears that real justice had been denied the defendant. In the instant case, there is no assertion that the defendant was not driving under the influence of intoxicating liquor or that the defendant was driving with a valid operator's permit.

In light of the clearly voluntary and negotiated nature of defendant's plea, and the absence of any harm or prejudice to the defendant, we hold that there was no denial of justice in this case, and, accordingly, we affirm the convictions.

Judgment affirmed.

SIMKINS, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

The majority opinion correctly notes that the trial court totally failed to ascertain a factual basis for the defendant's plea. There is no question here of substantial compliance with the requirements of Rule 402. Rather, the case is presented in a posture of total want of compliance. *People v. Dudley*, cited in the majority opinion, in my opinion, is not applicable here. In *Dudley*, the want of compliance was related to a requirement of the rule that the plea agreement be stated in open court. Although this requirement is found in Rule 402, it is not suggested that such requirement is constitutionally mandated. In my view, a requirement that there be a factual basis for the plea, *i.e.*, the establishment that a criminal offense was committed, and that the defendant did it, is constitutionally mandated and a condition precedent to the acceptance of a plea of guilty. (*Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709; *McCarthy v. United States*, 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166.) Although substantial compliance with Rule 402 is all that is required, a total failure upon the part of the trial court to comply with the requirements of that rule as to factual basis for the plea is grounds for reversal and remandment. As noted in *McCarthy*, the few minutes required to insure that every accused is afforded the procedural safeguards mandated are well worth it. Compliance with that rule will help

reduce the waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged and are more difficult to dispose of when, as here, the record is totally inadequate.