THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL D. MIZE, Defendant-Appellant.

(No. 12729; ▮▮▮▮▮▮▮▮▮▮

Fourth District—January 8, 1976.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

On April 22, 1974, defendant-appellant, appearing *pro se*, pleaded guilty to an information charging him with two counts of battery. The trial court admonished him routinely in accordance with some aspects of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402), but neglected to describe the nature of the charge, inquire into the voluntariness of defendant's plea, or explain defendant's right to confront witnesses against him. Moreover, there appears to have been no determination of a factual basis for the plea in the trial court. While the record on appeal includes a brief sentencing report containing information about the charges, the lack of a transcript at defendant's sentencing hearing makes it impossible to determine whether the trial court considered that information or whether defendant ever confirmed the pertinent allegations therein.

Defendant was sentenced to a term of imprisonment of 364 days. On appeal, he argues that his guilty plea must be vacated because the admonitions below do not constitute substantial compliance with Rule 402.

It is now established that there need be only substantial, not literal, compliance with the provisions of Rule 402. (*People v. Krantz*, 58 Ill. 2d 187, 317 N.E.2d 559.) In *Krantz*, the court's failure to inquire into defendant's understanding of the nature of the charge was held not to require reversal under Rule 402, since defendant's statement that he understood the charge, coupled with the prosecutor's recital of the anticipated evidence and defendant's own statement as to motive, was said to constitute "substantial compliance" with Rule 402.

In the instant case, the sole reference to nature of the charge is the court's inquiry:

"Q. That's your copy of the Information. You are charged

with two counts of Battery. * * * Do you understand the charges against you and the rights you have?

A. Yes, sir."

There was no showing that the defendant could read, so as to ascertain the nature of battery from the information, nor was he assisted by counsel who might have advised him in that regard. There was no recitation of a factual basis prior to entry of his plea, nor did the defendant himself describe or admit to any elements of the charge. We cannot agree with the State's contention there was substantial compliance with Rule 402 on this point. Nor will the record support the State's claim that there was substantial compliance with the requirement of determining the voluntariness of defendant's plea. In *People v. Ellis*, 59 Ill.2d 255, 320 N.E.2d 15, the court found substantial compliance with that requirement where defendant said he was pleading guilty because he was guilty and where the terms of the plea agreement were read in open court with defendant's concurrence. Although the defendant here also stated he was pleading guilty because he was guilty, the record does not reveal the circumstances behind that plea or the *quid pro quo* received in exchange for the plea. Rather, this record leaves to the imagination of this court the voluntariness of the guilty plea of a defendant appearing without assistance of counsel.

Lastly, nothing in this record can be said to constitute substantial compliance with the requirements of Rule 402 that defendant be advised of his right to confront witnesses and that a factual basis for the plea be established.

■■ However, the failure to achieve substantial compliance with Rule 402 does not automatically require vacation of defendant's conviction. (*People v. Dudley*, 58 Ill.2d 57, 316 N.E.2d 773; *People v. White*, 28 Ill.App.3d 555, 328 N.E.2d 568.) Where it appears from the face of the record that defendant cannot possibly have been harmed or prejudiced by the error, reversal will not be required. Thus, where the plea agreement itself was not read in court, but the record established the voluntariness of the plea and defendant's satisfaction "with the plea agreement that his attorney had arranged in his behalf," the court affirmed defendant's conviction. (*People v. Dudley*, 58 Ill.2d 57, 59.) This court has upheld entry of judgment on a guilty plea where no factual basis was established where there was no assertion defendant had in fact not committed the charged offense. *White.*

The instant case presents the special circumstance of four violations of Rule 402 involving a defendant appearing without aid of counsel. Especially significant is our inability to determine from the record whether defendant freely and voluntarily pleaded guilty to a charge

he understood. We cannot say with any assurance that defendant's rights were not prejudiced by this cursory inquiry into the circumstances of his plea. Since this record does not show substantial compliance with the rule, we must reverse.

Reversed and remanded.

SIMKINS and GREEN, JJ., concur.