THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RUTH M. COHN, Defendant-Appellant.

Second District    No. 80-386

Opinion filed December 22, 1980.

William H. Wise and Scott C. Colky, both of Katz, Hirsch, Wise & Colky, of Chicago, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Dennis O'Brien, Assistant State's Attorney, and Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant Ruth M. Cohn entered a plea of guilty to the offense of conspiracy to commit murder and was sentenced to a term of six years' imprisonment. She appeals from the denial by the trial court of her

motion to withdraw that plea, contending (1) that she was not admonished of her right to trial by jury; (2) that she was insufficiently advised of the nature of the charges against her; (3) that she pleaded guilty in reliance on a promise by the trial judge or a misrepresentation by her attorney that she would not receive a sentence of imprisonment; and (4) that the above deficiencies, in combination with the further failure of the trial court to determine defendant's fitness to plead, rendered the plea involuntary.

A two-count indictment charged defendant with solicitation to commit murder and conspiracy to commit murder. On May 14, 1980, defendant and her counsel appeared before the trial court and tendered a plea of guilty to the conspiracy count. The assistant State's Attorney stated to the court that in exchange for the guilty plea the State would nolle prosse the charge of solicitation to commit murder and would defer to the court (not make any recommendation) as to the sentence to be imposed on defendant. The court questioned defendant as follows:

"COURT: Mrs. Cohn, do you understand what we are doing here now?

DEFENDANT: Yes I do.

COURT: Do you understand what counsel has said? He has indicated that you wish to enter a plea of guilty to the charge of conspiracy to commit murder.

DEFENDANT: Even though I have no recollection of committing anything I at this time agree to plead guilty to one charge.
* * *

COURT: You understand what the nature of this charge is that you wish to plead guilty to?

DEFENDANT: Yes, I do."

Thereafter the trial judge continued to generally admonish defendant as is required by Supreme court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402), and with regard to defendant's right to a trial stated:

"COURT: You have the right, you know, to plead not guilty, to maintain your plea of not guilty to the charge and to require the State to prove the charge against you, do you understand that?

DEFENDANT: Yes * * *
* * *

COURT: Do you understand that you have the right to face your accuser and any witnesses against you, have them cross-examined by your counsel, do you understand that?

DEFENDANT: Even though I have no recollection of the crime, I do understand that.
* * *

COURT: Do you understand that you also have the right to

bring your own witnesses into court and to have them testify on your own behalf:

DEFENDANT: Yes.

COURT: You understand if you plead guilty now with full knowledge of the meaning of that plea, that you can't change your plea to a not guilty and have a trial afterwards, do you understand that?

DEFENDANT: Yes, I do.

* * *

COURT: Were there any promises made to you at all pertaining to this plea.

DEFENDANT: No.

COURT: This is not what is commonly called a negotiation or an arrangement between you and the State of Illinois, is that correct?

DEFENDANT: There was no negotiating, no."

After determining the factual basis for the plea, which defense counsel stipulated would be the evidence adduced in a trial, the court accepted defendant's plea of guilty.

Immediately thereafter, a sentencing hearing was conducted. The court had previously ordered a presentence investigation report, at the request of defense counsel, which it considered. Dr. Erwin Patlak, a physician and practicing psychiatrist, who had treated defendant, testified in mitigation on her behalf and stated that she was suffering from a major depressive order which could worsen upon confinement in prison or a mental institution. The doctor also testified that defendant's depression would not occur in the future if therapy was provided to her. When asked to elaborate on defendant's claim that she could not recollect things in the past relating to this case, the witness related that when confronted with the details she has a memory block and that such a disassociative state is one in which people can do things of which they are not aware. The psychiatrist noted, however, that during the time he had been seeing defendant, following the time of the offense in question, he had not seen her in a disassociative state.

Defendant testified on her own behalf at the sentencing hearing and again stated her inability to recollect doing the acts for which she had pleaded guilty. The trial court then sentenced defendant to six years' imprisonment and advised her of the right to appeal and the procedures therefor, to which defendant and her counsel responded:

"DEFENDANT: One of the reasons, Judge, that I did not ask for a jury trial was I didn't want the children exploited anymore or what it—what goes on in the newspaper. What's the word?

MR. WISE [defendant's attorney]: Publicity.

DEFENDANT: * * * I think it would do irreparable harm to both my children and me for this to take place and the reason I didn't ask for a trial is that I wanted no more publicity * * *."

Five days later, on May 19, 1980, defendant filed a motion to withdraw her plea, and it was heard by the trial court on May 23, 1980. In addition to their arguments relating to the court's admonishments, both defense counsel and the assistant State's Attorney testified concerning an April 23, 1980, discussion had in chambers in which both attorneys, Dr. Patlak, and the trial judge participated and of which no record was made. Attorney Wise stated that he had asked the trial judge to give him an inclination as to defendant's possible sentence, but the judge had stated that "he had no inclination, he was not leaning towards any inclination of penitentiary for this woman at this time and would keep an open mind." However, the assistant State's Attorney's version, in which the judge concurred, was that the judge had responded that he was not leaning towards any disposition at that time and was keeping an open mind. At the hearing of defendant's motion to withdraw her plea, the trial court inquired of defense counsel whether Dr. Patlak had expressed an opinion during the conference in chambers as to defendant's competence to stand trial. Attorney Wise responded he could not recall and the court remarked, "I just want to know whether you heard it." Defendant's motion to vacate her plea was denied, and she appeals.

We will consider first defendant's contention that she was not apprised of her right to trial by jury prior to entry of her plea. Defendant correctly notes that the trial court did not specifically mention the word "jury" in its admonishment, and she argues that this flaw requires a determination that the court failed to meet the requirements of Rule 402(a)(4). It is apparent that the trial judge did not expressly advise defendant in open court of her right to be tried by a jury but referred in his admonishment only to her right to a trial.

When a trial court's admonishment refers to "trial" rather than "trial by jury," this may in certain circumstances mislead a defendant into believing he does not have a right to be tried by jury. (See *People v. Locke* (1973), 13 Ill. App. 3d 1087, 302 N.E.2d 118 (abstract).) A waiver of the jury trial right may not be presumed from a completely silent record, and convictions based upon a plea of guilty entered following an admonishment similar to that given in this case have been reversed on review for failure to substantially comply with Rule 402. *People v. Losacano* (1975), 29 Ill. App. 3d 103, 329 N.E.2d 835; *People v. Bolden* (1972), 7 Ill. App. 3d 730, 288 N.E.2d 541; *People v. Gaston* (1971), 132 Ill. App. 2d 900, 270 N.E.2d 846; *People v. Garner* (1971), 130 Ill. App. 2d 932, 267 N.E.2d 38.

■■ However, the failure to meet the substantial compliance requirement of Rule 402 does not automatically require vacation of defendant's conviction. (*People v. Dudley* (1974), 58 Ill. 2d 57, 60, 316 N.E.2d 773, 774; *People v. Mize* (1976), 34 Ill. App. 3d 781, 783, 340 N.E.2d 306, 308; *People v. White* (1975), 28 Ill. App. 3d 555, 556, 328 N.E.2d 568, 569.) While the trial court's admonishments must be reviewed as they were given to a defendant, prior to the acceptance of his plea (*People v. Lundeen* (1977), 55 Ill. App. 3d 799, 802, 371 N.E.2d 329, 331), whether reversal is required depends on whether real justice has been denied or a defendant has been prejudiced by the inadequate admonishment. (*Dudley*, 58 Ill. 2d 57, 60-61, 316 N.E.2d 773, 774-75.) The entire record before us may be considered in this inquiry (*People v. Krantz* (1974), 58 Ill. 2d 187, 192, 317 N.E.2d 559, 562), and, in this case, it is clear that defendant understood she had a right to a jury trial but did not choose to exercise that right. She informed the trial judge during the sentencing hearing which followed that one of her reasons for declining to request a jury trial was to avoid publicity. Defendant was 40 years old at this time and had been self-employed as a counselor/psychologist. She had received her Bachelor's degree with honors and a Master of Arts, as well as a Doctor of Philosophy degree, all in psychology. It cannot fairly be said in the present case that defendant pleaded guilty without then understanding she had a right to trial by jury, and, while the trial judge should have been more explicit in his admonishment, defendant was not prejudiced thereby.

■■ Defendant next asserts that the trial court did not adequately inform her of the nature of the charge to which she entered her plea of guilty. The court in admonishing defendant referred to the offense to which she wished to plead guilty by name and heard the factual basis for her plea as related by the assistant State's Attorney: defendant and Michael Casamassina agreed that someone would be found to kill defendant's husband for $5,000; Mr. Casamassina telephoned Richard Cart from defendant's home to arrange for Mr. Cart to come to Illinois to kill Mr. Cohn; the men purchased a gun, knives, and the makings of a pipe bomb; defendant paid the men $2,350 after they told her the plan had been carried out. Defendant's attorney agreed these were the facts upon which the offense was based. As defendant was thus informed of the nature of the charge against her, the requirements of Rule 402(a)(2) were met. (*Krantz*, 58 Ill. 2d 187, 193, 317 N.E.2d 559, 563.) Nevertheless, defendant contends that her statement to the court that she had no recollection of committing the offense should have put the court on notice that she did not understand the nature of the charge and therefore required a more extensive admonishment. We do not agree. Defendant's stated lack of memory may

not be taken as either an expression she did not believe she committed the offense or that she lacked understanding of the nature of the offense charged. See *People v. Smeathers* (1975), 25 Ill. App. 3d 918, 323 N.E.2d 425.

■■ Defendant's next contention is that she should be allowed to withdraw her plea of guilty because it was based upon her misapprehension that she would receive a sentence of probation. First, she points to the recollection by her counsel of the judge's statement that he was not leaning towards any inclination of imprisoning defendant at this time and would keep an open mind and characterizes this statement and the entire discussion in chambers as a promise of probation or a judicial concurrence in probation as an agreed sentence. Defendant further argues that the informal discussion led to a plea agreement and the trial judge erred in not properly admonishing defendant regarding the existence and terms of the agreement. She also asserts that even if the judge's statement was not accurately recollected by her attorney, she had been told by him that a plea agreement had been worked out and relied upon her counsel's interpretation of the April 23 discussion when she pleaded guilty.

We note that Attorney Wise's version of the April 23 meeting in chambers was disputed by the trial judge and assistant State's Attorney, but even his account can hardly be termed a promise of probation. The presentence investigation report and the evidence subsequently submitted by defendant in mitigation had not yet been presented. At most, the judge correctly responded to counsel's inquiry that he had an open mind and would weigh all the testimony and arguments of both sides before rendering a decision. Nor was there any suggestion that the State had made any agreement with defendant as to sentence; to the contrary, the State agreed only to dismiss one count of the indictment and to defer to the trial judge the question of sentence. Defendant stated in response to the judge's admonishments that no promises had been made to induce her plea, her decision was not based upon a negotiation or arrangement with the State, and she understood the range of possible sentences the court could impose. In addition, defense counsel presented psychiatric testimony and lengthy argument in urging a sentence of probation. Such conduct appears to be inconsistent with a belief by either defendant or her counsel that probation had already been promised or such a sentence agreed upon. Even if it could be said that defendant labored under a misrepresentation to her by her attorney, as it was not induced by the State or the judge's conduct, it is insufficient grounds for withdrawal of a guilty plea. (*People v. Ryan* (1979), 74 Ill. App. 3d 886, 890, 392 N.E.2d 1380, 1383; see also *People v. Marshall* (1975), 30 Ill. App. 3d 17, 331 N.E.2d 566.) In any event, defendant's mistaken subjective impressions

gained from discussions with her attorney were not supported by the necessary substantial objective proof that they were reasonably justified. See *People v. Hale* (1980), 82 Ill. 2d 172, 411 N.E.2d 867.

■■ Defendant finally contends that the trial court should have inquired into her competency to enter a plea, arguing that a question of her fitness to do so was raised by her statement she was unable to recall committing the offense and the testimony by Dr. Patlak at the sentencing hearing. If a defendant is capable of understanding the proceedings and assisting in his own defense, he is competent to plead guilty. (*People v. Heral* (1976), 62 Ill. 2d 329, 336, 342 N.E.2d 34, 38.) Defendant's mere lack of memory of the offense is insufficient to place her competence in issue. (*People v. Richardson* (1978), 61 Ill. App. 3d 718, 725, 377 N.E.2d 1235, 1240.) While the psychiatrist who testified on behalf of defendant related both a history of past emotional problems and mental disturbances occurring immediately following the time of the offense, it is significant that not even defendant's attorney, in testifying at the hearing on the motion to withdraw the guilty plea, could attribute to Dr. Patlak a statement that defendant was not competent to stand trial or to enter a guilty plea. Any similar present emotional disturbances would not necessarily have demonstrated her incompetence to plead guilty in any event. (*Ryan*, 74 Ill. App. 3d 886, 891, 392 N.E.2d 1380, 1383.) We think the record is devoid of any indication that defendant did not understand the proceedings when she pleaded guilty, and the trial court did not err in failing to *sua sponte* inquire into defendant's fitness. Nor does it appear that either her attorney or her doctor saw any basis for such inquiry prior to sentencing.

Accordingly, the judgment of the Circuit Court of Lake County is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.