THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM CULBERTSON, Defendant-Appellant.

Second District   No. 2—86—0037

Opinion filed November 4, 1987.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate De-
fender's Office, of Elgin, for appellant.

Robert J. Morrow, State's Attorney, of Geneva, and Kevin B. McCarthy,
of Pfeifer & Kelty, P.C., of Springfield (William L. Browers, of State's At-

torneys Appellate Prosecutor's Office, of Elgin, and Robert J. Biderman, of State's Attorneys Appellate Prosecutor's Office, of Springfield, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, William Culbertson, appeals from the trial court's denial of his motion to vacate a guilty plea. Defendant pleaded guilty to residential burglary, and he was sentenced to a 12-year term of imprisonment. On appeal, defendant contends that he did not make a voluntary plea of guilty because the trial court failed to admonish him substantially in accordance with the mandates of Supreme Court Rule 402(a) (107 Ill. 2d R. 402(a)). Defendant also contends that the trial court abused its discretion in sentencing him to a 12-year term of imprisonment because a codefendant, Melvin Harold Davis, received only a seven-year term of imprisonment. We reverse and remand.

■ Defendant first contends that he did not enter a voluntary plea of guilty because the trial court did not inform him of his right to a jury trial and he never signed a jury waiver form.

Supreme Court Rule 402(a)(4) provides:

"The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

\* \* \*

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him." (107 Ill. 2d R. 402(a)(4).)

Substantial compliance with this requirement is not satisfied simply by showing that defendant has signed a waiver of jury form. *People v. Carle* (1972), 8 Ill. App. 3d 56, 57-58; *People v. Cummings* (1972), 7 Ill. App. 3d 306, 308.

In the instant action, the trial judge and defendant engaged in the following colloquy:

"THE COURT: As you stand before this Court you're presumed to be innocent of this offense and you have a right to plead not guilty thereto. The burden would then be on the State to prove your guilt beyond a reasonable doubt.

THE DEFENDANT: Yes.

THE COURT: And you have heretofore entered a not guilty plea?

THE DEFENDANT: Yes.

THE COURT: Now as you stand before me this morning

and enter a cold plea you're waiving that right. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You're waiving your right to a hearing or trial?

THE DEFENDANT: Yes.

THE COURT: And finally you're waiving your right to be confronted by and to cross-examine the State's witnesses against you?

THE DEFENDANT: Yes."

We note that the trial judge made no reference to defendant regarding his right to a "jury trial." Thus, the question becomes whether this omission requires that the guilty plea be set aside.

In *People v. Cohn* (1980), 91 Ill. App. 3d 209, 210-11, the defendant was admonished that by pleading guilty she had no right to a trial. This court stated that admonishing a defendant regarding waiver of a trial rather than waiver of a trial by jury may mislead the defendant into believing that she does not have the right to a trial by jury. (91 Ill. App. 3d at 212.) However, this court further noted that in that case, the record indicated that the defendant understood she had a right to a jury trial by her statement at the subsequent sentencing hearing that one of her reasons for declining to request a jury trial was to avoid publicity. (91 Ill. App. 3d at 213.) This court held that although the trial court's admonishment could have been more explicit, the defendant's statement indicated that she was not prejudiced. 91 Ill. App. 3d at 213.

■■■ In the instant action, the record contains no statement by defendant indicating that he understood that he had a right to a "jury trial" which would be waived by his plea of guilty. A court's failure to specifically address a defendant's right to a "jury" trial constitutes noncompliance with Supreme Court Rule 402(a)(4). (*People v. Sutherland* (1984), 128 Ill. App. 3d 415, 426; *People v. Bolden* (1972), 7 Ill. App. 3d 730, 732.) Furthermore, the *Sutherland* court held that the trial court's use of phrases at an earlier proceeding in the case referring to the defendant's right to either a trial by jury or by the court were not sufficient to constitute substantial compliance with the mandates of Rule 402(a)(4). (*People v. Sutherland* (1984), 128 Ill. App. 3d 415, 426-27; see also *People v. Newbern* (1974), 16 Ill. App. 3d 1037, 1038.) Compliance with Rule 402(a)(4) may not be found from admonitions given at proceedings prior to the guilty plea proceedings or in concurrent cases. *People v. Porter* (1978), 61 Ill. App. 3d 941, 945.

■■ Therefore, we conclude that where the trial court only admon-

ished defendant that he would waive his right to a "trial" by pleading guilty and did not expressly explain defendant's right to a "jury trial," the admonishment was not sufficient to comply with Rule 402(a)(4). We may not, as the State urges, consider the fact that defendant was told at his arraignment that he was entitled to a trial before the bench or by jury. *People v. Sutherland* (1984), 128 Ill. App. 3d 415, 426-27.

In light of our disposition of defendant's first contention of error, it is unnecessary to address his remaining contentions.

For the foregoing reasons, we reverse the judgment of the circuit court of Kane County, and we remand the cause to allow defendant to plead anew.

Reversed and remanded with directions.

HOPF and WOODWARD, JJ., concur.