(No. 33730.—

JOHN ARTHUR McKEAG, Defendant in Error, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error.

*Opinion filed January 19, 1956.*

`LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, WILLIAM L. CARLIN, SHERMAN WARSO, and R. JAMES PLATT, of counsel,) for the People.

GERALD W. GETTY, Public Defender, of Chicago, (JOHN M. BRANION, of counsel,) for defendant in error.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is a writ of error to review a judgment of the criminal court of Cook County which granted a new trial to the petitioner, John Arthur McKeag, after a hearing under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1955, chap. 38, pars. 826-832.) On June 8, 1953, McKeag pleaded guilty to four counts of armed robbery and was sentenced to a term of twenty years to life in the penitentiary. His petition charged that his plea of guilty was induced by promises of a lenient sentence if he co-operated with the prosecution.

At the post-conviction hearing McKeag testified that on February 18, 1953, after his arrest, he had talked with Lieutenant Pape of the robbery detail of the Chicago Police Department at the police station, and that Pape had told him that if he would co-operate with the police and plead guilty, Pape would see to it that he received a light sentence, possibly only four to eight years. He further testified that on the morning of the trial, June 8, 1953, he had a conference with his attorney and Lieutenant Pape in the courtroom; that Pape said that the prosecutor wanted a sentence of from eight to fifteen years, but would agree to five to ten if there was a guilty plea. McKeag stated that he pleaded guilty in the expectation that a recommendation of five to ten years would be made and acted upon.

Gerald Getty, then an assistant to the Public Defender of Cook County, represented McKeag when he was convicted. He testified that on June 8, 1953, he talked with Lieutenant Pape and with Samuel Papanek, the assistant State's Attorney in charge of the case, and that both of them told him that the State would recommend a sentence of five to ten years if McKeag pleaded guilty; that he told his client that such a recommendation would be made, but that no such recommendation was made, and the judge sentenced McKeag without asking for a recommendation.

Papanek testified that on June 8, 1953, he had a conversation in the courtroom with Getty, in which he had told Getty that he would recommend a sentence of five to ten years if the court asked for a recommendation, but that the court did not do so. "Had I had an opportunity to make a recommendation, it would have been five to ten, as I advised Mr. Getty." He admitted having talked with his superior, the first assistant State's Attorney, and with Pape, about a five-to-ten-year sentence for McKeag.

Lieutenant Pape testified that what he told the petitioner on February 18, 1953, was that if McKeag co-operated, that fact would be brought to the attention of the prosecutor, and that if Pape was in a position to make a recommendation he would do so, but that any such recommendation would not be binding on the court. He denied talking to McKeag at all on June 8, 1953, and stated that he could not remember what he might have said to Getty at that time. He said, "It's possible I made a statement as to a recommendation to Mr. Getty." Pape also testified that he told Papanek about McKeag's co-operation, and that "There was talk of a recommendation of eight to fifteen or five to ten."

From the evidence there is no doubt that a recommendation of a sentence of five to ten years was discussed and was agreed upon, and that anticipation of such a recommendation influenced the petitioner to plead guilty. There is, however, a discrepancy as to the precise terms of the discussions. The petitioner and his attorney testified to an unqualified undertaking to make the recommendation. Both the prosecutor and the police officer testified that their discussion was qualified by the condition that a recommendation was to be made only if one was requested by the court. The judge who heard the testimony at the post-conviction hearing was in a position to appraise the inherent probability of each of these versions, and we see no reason to disturb his ruling.

That the recommendation, if it had been made, would not have been binding upon the court, is of no consequence. As the judge who heard the post-conviction case pointed out, if the State's Attorney "in his judgment recommended five to ten years to the Court, the defense might well have thought he would give some consideration to the recommendation." The point is that the plea of guilty was induced by representations that a recommendation as to sentence would be made, and those representations were not carried out.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*