THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN FRED REHER, Defendant-Appellant.

Second District   No. 77-171

Opinion filed May 11, 1978.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Barbara Preiner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant and one Edward Boes were charged by information with attempt burglary. Boes pled guilty and was granted probation. On October 1, 1976, the defendant pled guilty and on October 29, 1976, he was sentenced to 1-5 years in the penitentiary. A timely motion to withdraw the plea of guilty under the provisions of Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) was filed on November 5, 1976, and this motion was denied on December 10, 1976. The defendant Reher appeals directly to this court.

The basis of this appeal is that the defendant was induced to change his plea of not guilty to guilty on the unfulfilled promise of the prosecutor that he would not oppose probation while reserving "the right to ask for 60 days in the County jail." This issue was not raised by defense counsel in his post-trial motion and the State contends the same has been waived. We do not agree.

Pertinent parts of the colloquy relative to the changing of defendant's plea on October 1, 1976, are as follows. The prosecutor stated:

"MR. RIGGS: Your Honor, Mr. Reher, I believe it is his intention to tender a plea of guilty to the Court. There has been a negotiation to the extent that in this case the State's Attorney has indicated if Mr. Reher plead guilty, they would not oppose probation. It would be our request at the sentencing hearing, however, that we reserve the right to ask for sixty days in the County Jail; is that correct."

A presentence hearing was ordered and the sentencing hearing was held on October 29, 1976, in which the prosecutor stated as follows:

"[MR. RIGGS]: * * * I think, your Honor, the defendant has struck out. I think that the State has been more than patient in attempting to, shall we say, help him to avoid his juvenile problems, he has not been a juvenile since 1973.

I think it is time that he is treated as an adult. I think it is time he is punished as an adult and I would ask that he be sent to an adult facility of the Department of Corrections."

The supreme court has ruled on this issue numerous times, most frequently the question is presented in a post-conviction hearing. However, in *People v. Riebe* (1968), 40 Ill. 2d 565, 568, 241 N.E.2d 313,

314, the supreme court considered this question upon direct appeal and stated:

> "In our opinion the defendant's motion to vacate the judgment and for leave to withdraw his plea of guilty should have been granted. The discretion of the trial court to permit the withdrawal of the plea of guilty is a judicial discretion which should always be exercised in favor of innocence and liberty. The law favors a trial upon the merits by jury, and all courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits, if possible. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of the plea from guilty to not guilty. The withdrawal of the plea of guilty should not be denied in any case where it is evident that the ends of justice will be served by permitting the plea of not guilty in its stead. *People v. Schraeberg*, 340 Ill. 620; *People v. Kurant*, 331 Ill. 470.' "

There is no question in the opinion of this court that the facts relating to the guilty plea; the prosecutor's statement that the plea was in substance negotiated; and his subsequent disaffirmance of that agreement and recommendation of penitentiary confinement is probably more patent and obvious than in the various cases in which the supreme court has reversed and remanded with instructions that the defendant be allowed to withdraw his plea of guilty under the provisions of Supreme Court Rule 604(d).

The State suggests that somehow circumstances changed between the time of the plea and the time of the sentencing. That is not a valid argument. If it were true, certainly the defendant should have been afforded the opportunity to withdraw his plea if the State renounced its agreement which resulted in the plea of guilty. The more logical explanation suggested by defense counsel is that "both sides forgot what bargain was struck" because of the large number of cases handled and the delay between the time of the plea and sentencing. Another possible explanation is that the defendant herein was confused with his co-defendant, who was in fact granted probation pursuant to an agreement that he be sentenced to three years' probation and a term of 60 days in the county jail.

■■ ■ While it is true that defense counsel did not raise the issue in question here in his post-trial motion, we think the law is that this issue, nonetheless, may be raised on direct appeal or in a post-conviction hearing. It is a basic concept in criminal justice that if a defendant is induced to plead guilty upon an unfulfilled promise relating to a lesser sentence in exchange for that plea, the defendant should be allowed to withdraw his plea of guilty. See, *e.g. People v. Mitchell* (1970), 46 Ill. 2d

133, 134-35, 262 N.E.2d 915, 916; *People v. Washington* (1967), 38 Ill. 2d 446, 449-50, 232 N.E.2d 738, 740.

As the court held in *People v. Price* (1976), 36 Ill. App. 3d 566, 344 N.E.2d 559, the conclusiveness of the guilt of the defendant was not the controlling factor. There the prosecutor agreed, upon a negotiated plea, to stand mute as to the sentence and then, at the sentencing hearing, asked the court to disregard the recommendations of the probation department and "* * * sentence this defendant to the Department of Corrections." The court held this constituted plain error. The court further observed that this was a constitutional question. We agree. As we have pointed out, the Supreme Court of Illinois has repeatedly considered the voluntariness of a guilty plea to be a constitutional question in post-conviction hearings. Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)) provides that:

> "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

We find that in the instant case the actions of the prosecutor constituted plain error requiring reversal and the opportunity for the defendant to withdraw his guilty plea.

The fact that the trial judge here stated that at the sentencing hearing it would be his responsibility to determine what the sentence should be and that the recommendation of the State had no bearing on the sentence to be imposed does not alter our decision herein. In *McKeag v. People* (1956), 7 Ill. 2d 586, 131 N.E.2d 517, we find a similar situation. There the State appealed following a post-conviction hearing which resulted in a new trial for the defendant. In *McKeag* the attorney for the defendant was advised by the assistant State's Attorney and a police lieutenant that the State would recommend a sentence of 5-10 years if he pleaded guilty. The court did not call for a recommendation from the State's Attorney as to the sentence. In affirming the granting of a new trial to the defendant the supreme court stated:

> "That the recommendation, if it had been made, would not have been binding upon the court, is of no consequence. * * * The point is that the plea of guilty was induced by representations that a recommendation as to sentence would be made, and those representations were not carried out." 7 Ill. 2d 586, 589, 131 N.E.2d 517, 518.

The case before us is more blatant than *McKeag*. The State not only did not live up to its agreement as to sentence, but to the contrary recommended a far more severe sentence.

In view of the above we find it unnecessary to consider the other allegation of the defendant. The judgment of the circuit court of

Winnebago County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded with instructions.

BOYLE and WOODWARD, JJ., concur.