THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUSTY D. THOMAS, Defendant-Appellant.

Second District No. 2—91—1280

Opinion filed July 9, 1993.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, David R. Williamson, of Dixon, and Sherry R. Silvern, of Aurora, for appellant.

Daniel A. Fish, State's Attorney, of Dixon (William L. Browers, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE QUETSCH delivered the opinion of the court:

The defendant, Rusty Thomas, pleaded guilty to burglary in Lee County cases Nos. 91—CF—25 and 91—CF—91 and was sentenced to consecutive 10-year terms of imprisonment. The defendant appeals the denial of his motion to withdraw his guilty pleas, and he contends that: (1) the trial court erred in accepting his guilty pleas and sentencing him without first conducting a fitness hearing; (2) the trial court abused its discretion by not accepting his first guilty plea in No. 91—CF—91; and (3) the State breached the plea agreement in No. 91—CF—25 when it recommended an extended term of imprisonment. We affirm in part, reverse in part and remand.

The facts of this case are as follows. In No. 91—CF—25, the defendant was charged with burglary and possession of cannabis. On May 20, 1991, the defendant pleaded guilty to the burglary count in exchange for the State's dismissing the cannabis count and other pending cases. The State also agreed not to make a sentencing recommendation. The State indicated, as a factual basis, that its evidence would show that the defendant entered a gas station in Dixon, Illinois, on February 13, 1991, with the intent to commit a theft, and that he had obtained a small amount of cash. The trial court accepted the defendant's guilty plea and continued the case for sentencing.

On May 22, 1991, in No. 91—CF—91, the defendant was arrested and charged with committing burglary and possession of burglary tools. The burglary count alleged that the defendant had entered Wilson's Tap in Dixon, Illinois, on May 22, 1991, with the intent to commit theft.

On June 5, 1991, the defendant's attorney in No. 91—CF—25 filed a motion for a fitness examination, alleging that the defendant showed signs of incoherent behavior, threatened to commit suicide, and had been treated and hospitalized for depression and substance abuse. The trial court ordered that Dr. Carl Aagesen be appointed to examine the defendant's fitness to stand trial and be sentenced.

In a report dated July 3, 1991, Dr. Aagesen recounted the defendant's history of depression and substance abuse. He also indicated that the defendant claimed to suffer memory blackouts during drinking and that the defendant denied any recollection of committing the burglaries charged in Nos. 91—CF—25 and 91—CF—91. Dr. Aagesen

concluded that "[i]f the patient did not suffer from blackouts, in my opinion, there is no mental illness currently present that would impair his ability to participate in his own defense."

On July 16, 1991, the court asked the defendant's attorney in No. 91—CF—91 "you're not going to raise any issue with regard to fitness for the purpose of the preliminary hearing?" Defense counsel responded "[t]hat's correct, Your Honor." The preliminary hearing in No. 91—CF—91 ensued, and probable cause was found.

On August 2, 1991, the State informed the court of a plea agreement in which the defendant would plead guilty to the burglary count in No. 91—CF—91 in exchange for the State's dismissing the other count and not filing an additional charge. Both parties recommended that the defendant be sentenced to consecutive seven-year terms of imprisonment for Nos. 91—CF—25 and 91—CF—91. The trial court found the proposed sentence in No. 91—CF—25 to be reasonable based on the record, and it imposed the seven-year sentence in No. 91—CF—25 pursuant to the agreement. The court then began to admonish the defendant pursuant to Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)) in order to obtain a guilty plea in No. 91—CF—91. After the defendant stated that he could not recall committing the burglary charged in No. 91—CF—91, the court rejected his guilty plea in No. 91—CF—91 and vacated the seven-year sentence in No. 91—CF—25. The court then sentenced the defendant to a 10-year term of imprisonment in No. 91—CF—25 and continued No. 91—CF—91 for arraignment.

On August 5, 1991, the defendant again pleaded guilty to the burglary count in No. 91—CF—91 pursuant to a new agreement in which the State dismissed the other count. The parties recommended that the defendant be sentenced to a 10-year term of imprisonment consecutive to the 10-year term imposed in No. 91—CF—25 on August 2, 1991. The trial court accepted this guilty plea and imposed the 10-year sentence in No. 91—CF—91. The defendant later filed a motion to withdraw his guilty pleas, which the court denied. The defendant appeals.

The defendant's first argument is that the trial court erred by not holding a fitness hearing. A defendant is unfit to enter a plea if, because of his mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense. (Ill. Rev. Stat. 1991, ch. 38, par. 104—10.) Once facts are brought to the attention of the trial court which raise a *bona fide* doubt of a defendant's fitness to enter a plea, the court has a duty to hold a fitness hearing. (*People v. Long* (1975), 30 Ill. App. 3d 815,

817.) Whether a *bona fide* doubt has been raised is a decision resting within the discretion of the trial court which will only be reversed for an abuse of discretion. *People v. Long*, 30 Ill. App. 3d at 818.

■ The State argues that the defendant waived the issue of the trial court's failure to order a fitness hearing by not raising it in his motion to withdraw his guilty pleas. However, the sentencing of an accused person while he is legally incompetent is a violation of due process. (*People v. Brown* (1985), 131 Ill. App. 3d 859, 863.) The alleged error regarding the determination of the defendant's fitness to plead guilty and be sentenced is of such constitutional dimension that we can take cognizance of it under the "plain error doctrine" of Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)) despite the defendant's failure to raise the issue in his motion to withdraw his guilty pleas. (*People v. Leiker* (1983), 115 Ill. App. 3d 752, 754.) We will therefore consider the defendant's argument.

The defendant contends that the court should have ordered a fitness hearing based upon defense counsel's representations that the defendant was incoherent and out of touch with reality, had threatened suicide, and had been treated and institutionalized for substance abuse and depression. However, in *People v. Long* (1975), 30 Ill. App. 3d 815, we found that the trial court did not abuse its discretion in not ordering a fitness hearing for the defendant even though the reports of two psychiatrists who evaluated him indicated that he suffered from chronic alcoholism, alcoholic amnesia, loss of reality and control upon excessive drinking, and anxiety and depression suggesting suicidal risk. We noted that both reports concluded that the defendant met the fitness standard of understanding the charges against him and cooperating with counsel. *People v. Long*, 30 Ill. App. 3d at 817.

In this case, Dr. Aagesen reported that the defendant understood the nature of the charges against him and could participate in his own defense as long as he did not suffer from blackouts. On August 2, 1991, the defendant told the court that he could not recall committing the burglary charged in No. 91—CF—91. However, the inability to recollect the events of the day of the offense due to amnesia does not, by itself, warrant the conclusion that the defendant was unfit. *People v. Schwartz* (1985), 135 Ill. App. 3d 629, 639.

The record also indicates that at the August 2, 1991, sentencing hearing for No. 91—CF—25 the defendant gave a lucid speech on his own behalf in which he recounted how his criminal behavior resulted from his addiction to alcohol. Further, on August 5, 1991, the defendant again pleaded guilty to No. 91—CF—91 pursuant to an agreement

in which the parties recommended that he be sentenced to a 10-year term of imprisonment. The court admonished the defendant pursuant to Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)), and he represented to the court that he understood the nature of the charges against him and that the plea was voluntary. We believe from this evidence that the defendant was able to understand the nature and purpose of the proceedings against him and to assist in his defense.

The defendant also contends that the trial court should have ordered a fitness *hearing* since it ordered a fitness *examination* pursuant to section 104—13(a) of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1991, ch. 38, par. 104—13(a).) The defendant argues that section 104—13(a) is the provision that mandates the appointment of at least one expert when a *bona fide* doubt of fitness exists.

Section 104—13(a) states:

> "When the issue of fitness involves the defendant's mental condition, the court shall order an examination of the defendant by one or more licensed physicians, clinical psychologists, or psychiatrists chosen by the court. No physician, clinical psychologist or psychiatrist employed by the Department of Mental Health and Developmental Disabilities shall be ordered to perform, in his official capacity, an examination under this Section." Ill. Rev. Stat. 1991, ch. 38, par. 104—13(a).

Thus, section 104—13(a) mandates the appointment of certain types of experts when the issue of fitness involves the defendant's mental condition. However, a court need not always determine that a *bona fide* doubt of fitness exists before appointing an expert. A court may also appoint an expert to make the initial determination of whether a *bona fide* doubt exists. Ill. Rev. Stat. 1991, ch. 38, par. 104—11(b).

The defendant argues that the court had already determined that a *bona fide* doubt existed, since it ordered a continuance in No. 91—CF—91 until the fitness examination was completed. The defendant contends that section 104—11(b), which provides for the appointment of an expert to determine initially whether a *bona fide* doubt of fitness exists, bars the court from issuing such a continuance.

However, the defendant misinterprets section 104—11(b). That section states:

> "Upon request of the defendant that a qualified expert be appointed to examine him or her to determine prior to trial if a bona fide doubt as to his or her fitness to stand trial may be raised, the court, in its discretion, *may* order an appropriate examination. However, no order entered pursuant to this sub-

section shall prevent further proceedings in the case." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 38, par. 104—11(b).

Although section 104—11(b) allows the trial court to proceed with the case while an expert examines the defendant to determine whether there is a *bona fide* doubt of fitness, it does not require the court to do so. Therefore, the decision to order a continuance in No. 91—CF—91 did not indicate that the court had determined that a *bona fide* doubt of fitness existed.

■ We hold that the trial court did not abuse its discretion in determining from Dr. Aagesen's report the defendant's demeanor and the parties' decisions not to request a fitness hearing that the defendant was legally fit to plead guilty. Therefore, the court did not err by accepting the defendant's guilty pleas and sentencing him without first conducting a fitness hearing.

The defendant's next argument is that the trial court abused its discretion in failing to accept his negotiated plea of guilty in No. 91—CF—91 on August 2, 1991. Pursuant to negotiations, the State agreed to recommend consecutive seven-year terms of imprisonment for the burglary charges in Nos. 91—CF—25 and 91—CF—91. The court heard the terms of the plea agreement and began to admonish the defendant in order to obtain a guilty plea in No. 91—CF—91. The following colloquy ensued:

"THE COURT: As to Count 1 of 91—CF—91, Mr. Thomas, you understand in that case what you are charged with in Count 1 is the offense of burglary on May 22, 1991, in that without authority you knowingly entered or remained in a building of Wilson's Tap, located at 316 West First Street in Dixon, Lee County, Illinois, with intent to commit a theft in violation of the statutes, that offense being a Class 2 Felony. Do you understand what you are charged with in that case?

THE DEFENDANT: Yeah. There was nothing taken.

THE COURT: Pardon?

THE DEFENDANT: There was nothing taken.

THE COURT: I know, but do you understand what you are charged with?

THE DEFENDANT: Kind of, yeah.

THE COURT: Kind of? You don't understand what you are charged with? Let me explain it to you again. You are charged with the offense of burglary on the 22nd day of May, 1991, in that without authority—nobody give [*sic*] you the right to do that in other words—you knowingly—at that moment you knew that you were entering or remaining in a building of Wilson's

Tap, located at 316 West First Street in Dixon, Illinois, with the intent to commit therein a theft.

THE DEFENDANT: Right, but what I meant was in that report I don't remember doing any of it. I have had blackouts. If you look in that report from KSB it will tell you I have blackouts. Last page mainly.

THE COURT: Well, do you understand what you are charged with in Count 1?

THE DEFENDANT: I am charged with going in a place that I don't know I went in, yes.

THE COURT: You understand what you are charged with?

THE DEFENDANT: Burglary but I don't remember going in the place.

THE COURT: Okay.

THE DEFENDANT: Or doing it. The last page, the bottom line. Paragraph on the last page tells you where he doesn't— the blackouts—he does not believe I can participate in my own defense because I don't even remember being there. That's—I didn't even know I was there."

The trial court refused to accept the August 2, 1991, guilty plea in No. 91—CF—91 and ultimately sentenced the defendant to consecutive 10-year terms of imprisonment for the burglary charges in Nos. 91—CF—25 and 91—CF—91.

The State argues that the defendant waived the issue of the trial court's refusal to accept his August 2, 1991, guilty plea in No. 91—CF—91 by not including it in his written motion to withdraw his guilty pleas. However, defense counsel raised the issue before the trial court in oral argument on the motion. We will therefore address the merits of the argument since it is not being raised for the first time on appeal. See *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500.

The State contends that the court did not err by rejecting the August 2, 1991, guilty plea in No. 91—CF—91 since no factual basis for the plea was given pursuant to Supreme Court Rule 402(c). (134 Ill. 2d R. 402(c).) However, the defendant counters that the court halted the entry of the plea before a factual basis could be given.

■ Rule 402 does not require that the trial court accept a negotiated plea. There is no absolute right to have a guilty plea accepted by the trial court and such a plea may be rejected in the exercise of sound judicial discretion. (*People v. Boyd* (1978), 66 Ill. App. 3d 582, 588.) The defendant's statements to the court on August 2, 1991, reflected that he did not remember committing the burglary in No. 91—

CF—91 and that he was unsure as to whether he wanted to plead guilty. The trial court did not abuse its discretion in rejecting his August 2, 1991, guilty plea.

The cases cited by the defendant, *People v. Smeathers* (1975), 25 Ill. App. 3d 918, *People v. Burgess* (1975), 34 Ill. App. 3d 966, and *People v. Cohn* (1980), 91 Ill. App. 3d 209, are inapposite as they are not cases in which a trial court refused a plea of guilty. In *People v. Smeathers*, the defendant pleaded guilty to theft. Defense counsel told the court that the defendant had no recollection of committing the charged offense, but felt that the evidence against him was insurmountable. The court asked the defendant if he agreed with defense counsel's statement, and the defendant replied affirmatively. The State then provided a factual basis for the plea. After the defendant again affirmed that he wanted to plead guilty, the court accepted the plea. We held that the factual basis for the plea was sufficient to establish the crime and that the defendant's remarks indicated that he understood the nature of the charge. *People v. Smeathers*, 25 Ill. App. 3d at 923.

In *People v. Burgess*, the defendant pleaded guilty to one count of aggravated battery. After defense counsel informed the court that the defendant could not recall committing the crime, the State presented a factual basis so as to sustain the plea. The defendant was then asked whether he understood the facts that would be introduced were he to go to trial. The defendant responded that he understood. We held that the record indicated that the defendant understood the nature of the charge and that the trial court had determined that there was an adequate factual basis for the plea. *People v. Burgess*, 34 Ill. App. 3d at 969.

In *People v. Cohn*, the defendant pleaded guilty to conspiracy to commit murder. The defendant told the court that she understood the nature of the charge and that she wished to plead guilty even though she could not recollect committing the crime. The court then heard the factual basis for the plea and accepted the defendant's plea of guilty. We held that the defendant's stated lack of memory may not be taken as an expression that she did not believe she committed the offense or that she lacked understanding of the nature of the offense charged. *People v. Cohn*, 91 Ill. App. 3d at 213-14.

*People v. Smeathers, People v. Burgess,* and *People v. Cohn* establish that a trial court may accept a guilty plea even when the defendant cannot recall committing the charged offense. However, these cases do not hold that a defendant has the absolute right to have his guilty plea accepted, or that a trial court abuses its discretion by

refusing a guilty plea when the defendant cannot remember committing the crime. In the present case, we hold that the trial court did not err by refusing the defendant's plea of guilty.

The defendant's final argument is that the State breached the May 20, 1991, plea agreement in No. 91—CF—25 by recommending a 12-year extended term at the sentencing hearing on August 2, 1991. The State argues that the defendant waived the issue of the breach of the plea agreement since he did not raise it in his motion to withdraw his guilty pleas. However, we held in *People v. Reher* (1978), 60 Ill. App. 3d 32, 35, that the issue of the State's breach of a plea agreement can be noticed on appeal as plain error pursuant to Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)). We therefore address the merits of the argument.

The defendant entered his guilty plea to the burglary count in No. 91—CF—25 on May 20, 1991. The State informed the court that it would drop the remaining charges and not make a recommendation as to sentencing. The court accepted the defendant's plea of guilty and continued the case for sentencing.

On August 2, 1991, the parties presented a negotiated plea in which the defendant agreed to plead guilty to the burglary count in No. 91—CF—91 in exchange for the State's dismissing the other count and not filing an additional charge. Pursuant to that plea, the parties recommended that the defendant be sentenced to consecutive seven-year terms of imprisonment for the burglary counts in Nos. 91—CF—25 and 91—CF—91. The trial court initially imposed the seven-year sentence in No. 91—CF—25, but later rejected the guilty plea in No. 91—CF—91 and vacated the sentence in No. 91—CF—25. No. 91—CF—25 then proceeded to sentencing, and the State argued for a 12-year term of imprisonment. The court imposed a 10-year sentence.

 Thus, the record indicates that after the court rejected the August 2, 1991, plea agreement covering Nos. 91—CF—25 and 91—CF—91, it sentenced the defendant in No. 91—CF—25 pursuant to his guilty plea made on May 20, 1991. However, according to the terms of the May 20 plea, the State agreed not to make a sentencing recommendation. The State therefore violated the terms of that agreement when it recommended that the defendant be sentenced to a 12-year term of imprisonment.

This case is like *People v. Reher* (60 Ill. App. 3d 32). There, the defendant pleaded guilty to attempted burglary, and the State agreed not to oppose probation, although it reserved the right to ask for 60 days in the county jail. At the sentencing hearing, though, the State asked that the defendant be sent to the adult facility of the Depart-

ment of Corrections. We held that if a defendant is induced to plead guilty upon an unfulfilled promise relating to a lesser sentence in exchange for that plea, the defendant should be allowed to withdraw his plea of guilty. (*People v. Reher*, 60 Ill. App. 3d at 34.) Since the State did not live up to its agreement as to sentencing, and in fact recommended a more severe sentence, we reversed the trial court and remanded the case so as to allow the defendant the opportunity to withdraw his guilty plea. *People v. Reher*, 60 Ill. App. 3d at 35.

Similarly, in No. 91—CF—25, the State did not live up to its agreement as to sentencing, although the defendant's guilty plea had been conditioned on that agreement. We therefore remand No. 91—CF—25 to allow the defendant the opportunity to withdraw his guilty plea.

The defendant asks that we also allow him the opportunity to withdraw his August 5, 1991, guilty plea to the burglary count in No. 91—CF—91. The defendant argues that he would not have pleaded to a consecutive 10-year sentence in No. 91—CF—91 had he not received a 10-year sentence in No. 91—CF—25, and that he would not have received the 10-year sentence in No. 91—CF—25 if the State had not breached the May 20 plea agreement. According to the defendant, since the August 5, 1991, plea in No. 91—CF—91 was dependent upon the disposition in No. 91—CF—25, the 10-year sentence in No. 91—CF—91 should be vacated and the case remanded.

■ The defendant asks this court to speculate about the reasoning behind his decision on August 5, 1991, to plead guilty to the burglary count in No. 91—CF—91. However, unlike No. 91—CF—25, the defendant offers no proof that his guilty plea in No. 91—CF—91 was induced by an unfulfilled promise concerning a sentencing recommendation. We therefore affirm the sentence imposed on August 5, 1991, in No. 91—CF—91.

For the foregoing reasons, we affirm in part, reverse in part and remand the cause for further proceedings.

Affirmed in part; reversed in part and remanded.

GEIGER and DOYLE, JJ., concur.