THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONNA J. ROBERTS, Defendant-Appellant.

Fourth District   No. 4—92—0961

Argued March 8, 1994.—Opinion filed June 23, 1994.

Daniel D. Yuhas and Jeffrey D. Foust (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

In August 1991, following a bench trial, defendant Donna Roberts was convicted of armed violence (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2), unlawful possession of cannabis (Ill. Rev. Stat. 1989, ch. 561/2, par. 704(e)), unlawful possession of cannabis with intent to deliver (Ill. Rev. Stat. 1989, ch. 561/2, par. 705(e)), and cannabis trafficking (Ill. Rev. Stat. 1989, ch. 561/2, par. 705.1). Defendant was sentenced to concurrent terms of 10 years, 4 years, 5 years, and 10 years, and ordered to pay a $43,600 street-value fine and costs and fees. Defendant appeals. We reverse and remand.

On November 21, 1990, at 11:20 a.m., Officer Jeffrey Gaither stopped a vehicle headed northbound on I-55 in McLean County for crossing the centerline and for a loud exhaust. The driver of the vehicle was Romural Bradley; defendant was a passenger. Defendant gave Officer Gaither her driver's license and remained in the car while Bradley accompanied the officer to the squad car. Sergeant Mike Snyder arrived shortly after the stop.

After Bradley was issued a written warning, Officer Gaither asked Bradley if he had any drugs or guns in the car. Bradley responded that he did not, but he appeared nervous. Consequently, Officer Gaither asked for permission to search the car; Bradley gave his permission. Bradley, Officer Gaither, and Sergeant Snyder returned to the car. Defendant exited the car with her purse, whereupon she was asked by Officer Gaither for permission to search her purse. Defendant gave her purse to Officer Gaither. Officer Gaither searched the purse and found a gun, $1,000 rolled inside a glove, some savings bonds, some loose change, and a pager.

Officer Gaither then proceeded to search the car. In the rear of the car he found a large pillow containing a burlap bag wrapped in

cellophane and filled with cannabis. It was later stipulated that the cannabis weighed 17,995 grams. Bradley told Officer Gaither the cannabis belonged to him. He also told Sergeant Snyder that the gun was his. However, defendant never denied that the cannabis or gun was hers.

Defendant testified she lived in Chicago at the same residence for the last 12 years, along with her sister and her sister's three children. Defendant's sister is a paraplegic confined to a wheelchair; defendant cares for her. Defendant also has worked for Cook County Department of Building and Zoning for the last seven years. Defendant testified that she was in a relationship with Bradley, that they flew to Texas together, and drove back together in his vehicle. Defendant stated she did not know the pillow contained cannabis. The vehicle was a Chevrolet Suburban, which is a large vehicle. She rode in the front seat and did not smell anything unusual. She also stated that she did not know where the gun found in her purse came from.

Bradley testified he had pleaded guilty. He and defendant were returning from Texas together. He received the cannabis, already packaged and in a pillow case, while in Texas. He stated defendant was not with him when he received the cannabis and he never told her what was in the package. He was to get $5,000 for transporting the cannabis to Chicago. Bradley further testified the gun found in defendant's purse was his, he kept it on the floor of his car and had placed it into defendant's purse without her knowledge when he saw he was being pulled over by the police.

In an untimely filed post-trial motion, defendant for the first time argued she had been denied her right to trial by jury and never waived that right. The trial court, after a hearing on defendant's post-trial motion, found defendant had waived her right to a jury trial. We disagree.

The State contends defendant waived this issue by failing to file her post-trial motions in a timely manner. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130.) However, the waiver rule is one of administrative convenience rather than one of jurisdiction. Without finding that the issue of *jury waiver always merits review*, we will review the matter in this case. *People v. Smith* (1985), 106 Ill. 2d 327, 333, 478 N.E.2d 357, 360.

Both the United States Constitution (U.S. Const., amends. VI, XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, § 8) guarantee a criminal defendant's right to a trial by jury. The Illinois legislature has codified this right: "Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court." (Ill. Rev. Stat. 1989, ch. 38, par. 103—6.)

There is no set formula for determining whether a waiver was made knowingly, and the determination necessarily turns on the particular facts of the case. *Smith*, 106 Ill. 2d at 334, 478 N.E.2d at 361; *People v. Frey* (1984), 103 Ill. 2d 327, 332, 469 N.E.2d 195, 197.

Some cases have held that a waiver made by counsel in the defendant's presence, to which the defendant does not object, may constitute a valid waiver. (*Frey*, 103 Ill. 2d at 332, 469 N.E.2d at 197; *People v. Murrell* (1975), 60 Ill. 2d 287, 290, 326 N.E.2d 762, 764; *People v. Tucker* (1989), 183 Ill. App. 3d 333, 335, 539 N.E.2d 243, 244-45.) However, these cases require some affirmative statement by defendant's attorney, in his presence, that the defendant wishes not to exercise his right to a jury trial and, instead, chooses a bench trial. (*Frey*, 103 Ill. 2d at 332, 469 N.E.2d at 197.) In *Frey*, the attorney indicated to the court in the defendant's presence that the defendant would waive a jury trial, even though the case had originally been set for a jury trial. *Frey*, 103 Ill. 2d at 329-30, 469 N.E.2d at 195-96.

*Smith* involved two cases consolidated on appeal, one involving defendant Smith and one involving defendant Flowers. Regarding defendant Smith, a docket entry had been made that "Attorney Reck entered his appearance to be sent to Ottawa for Bench trial before Judge Wimbiscus." (*Smith*, 106 Ill. 2d at 336, 478 N.E.2d at 361.) Defendant Smith asserted no jury waiver was made in open court but did not furnish a trial transcript to show that no waiver was made. The trial court found the docket entry sufficient to require that Smith produce a transcript to support his position. Since he had not, the court held defendant Smith had failed to produce a sufficient record and affirmed. (*Smith*, 106 Ill. 2d at 335-36, 478 N.E.2d at 361.) Regarding defendant Flowers, who had supplied transcripts from his pretrial appearances in trial court, the court held that no valid jury waiver had occurred because, although the docket entries stated a waiver had occurred, the trial transcripts were silent on the matter. *Smith*, 106 Ill. 2d at 336-37, 478 N.E.2d at 361-62.

■ Defendant's case is distinguishable from the case in *Frey* and analogous to defendant Flowers' case in *Smith*. Neither defendant nor her attorney, while she was present, made any affirmative statement waiving a jury trial or requesting a bench trial. Although docket entries suggest a waiver was made, the transcripts furnished by defendant contain no evidence of a waiver in open court. A statement in the record that defendant probably would waive her right to a jury trial or that she planned to waive her right to a jury trial is not evidence that she did waive that right. Additionally, defendant's silence during the trial court's few references to a bench trial and her simple acquiescence to the bench trial at the time it

occurred are not sufficient to show she knowingly waived her right to a jury trial, in the absence of some affirmative action by her or by her attorney while she was present. The trial court acknowledged its surprise at the lack of evidence in the record establishing precisely that a waiver occurred or detailing that the court had specifically admonished defendant of her right to a jury. We find defendant was denied her right to a trial by jury.

■ Defendant has also raised the issue whether the evidence was sufficient to prove her guilty. Defendant contends the evidence was insufficient to find she had knowledge of the presence of the cannabis and the gun. We address this issue for double jeopardy purposes.

In determining whether the evidence in a criminal case is sufficient to support a guilty verdict, the reviewing court is to examine the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found that each element of the offense was proved beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277; *People v. Flores* (1992), 231 Ill. App. 3d 813, 820, 596 N.E.2d 1204, 1209.) The offense of possession of cannabis requires not only establishing that a defendant has "immediate and exclusive control," but also that the defendant had knowledge of the presence of the controlled substance. (Ill. Rev. Stat. 1989, ch. 56$^1$/2, par. 704(e); *Flores*, 231 Ill. App. 3d at 818, 596 N.E.2d at 1207.) Similarly, possession with intent to deliver (Ill. Rev. Stat. 1989, ch. 56$^1$/2, par. 705(e)) and cannabis trafficking (Ill. Rev. Stat. 1989, ch. 56$^1$/2, par. 705.1) require that the defendant had knowledge of the presence of the cannabis. The offense of armed violence requires that the defendant had knowledge of the presence of the gun. Ill. Rev. Stat. 1989, ch. 38, par. 33A—2.

Knowledge is rarely proved directly; rather, knowledge is proved by defendant's actions, declarations, or conduct from which an inference of knowledge may be fairly drawn. (*People v. Newman* (1991), 211 Ill. App. 3d 1087, 1093, 569 N.E.2d 1089, 1093.) Because of the difficulty in proving knowledge, when actual or constructive possession is established, generally the element of knowledge can be inferred from the surrounding circumstances. *People v. Jackson* (1961), 23 Ill. 2d 360, 365, 178 N.E.2d 320, 322; *Flores*, 231 Ill. App. 3d at 818, 596 N.E.2d at 1207 (constructive possession of cannabis found under hood of car led to reasonable inference of knowledge); *People v. Seibech* (1986), 141 Ill. App. 3d 45, 48, 489 N.E.2d 1138, 1141 (knowledge of existence of firearm inferred from circumstantial evidence).

Possession may be either actual, requiring actual physical dominion, or constructive, from which possession may be inferred if

the defendant had exclusive control over the premises where the controlled substance was found. (*Flores*, 231 Ill. App. 3d at 818, 596 N.E.2d at 1207.) The requirement of exclusive control does not mean that possession may not be joint. *People v. Morrison* (1988), 178 Ill. App. 3d 76, 90, 532 N.E.2d 1077, 1087; *People v. Burke* (1985), 136 Ill. App. 3d 593, 599, 483 N.E.2d 674, 679.

The trial court listed many factors that led to its finding of guilt. The trial court directly addressed the issue whether defendant knew of the presence of the cannabis in the van and of the presence of the gun in her purse. The trial court stated the credibility of the witnesses was a large factor in making its determination; it found both defendant's and Bradley's testimony not credible because of the inconsistencies in the testimony.

Regarding the cannabis, the trial court found defendant had knowledge of its presence in the van because of (1) the strong odor of such a large package of cannabis, (2) she did not deny to the officers the cannabis was hers, (3) $1,600 and a pager were found in her purse, (4) she paid for the entire trip, and (5) the officers testified she was nervous even before the cannabis and gun were found. Regarding the gun, the trial court found defendant had knowledge of its presence because (1) it was found in her purse, (2) she was at all times sitting close to her purse, (3) she did not deny to the officers it was her gun when asked, and (4) the gun was large and heavy and would have been noticeable to someone carrying the purse.

Viewing the evidence in the light most favorable to the prosecution, we find the State presented sufficient evidence to permit the trier of fact to conclude defendant had knowledge of the presence of the cannabis and the presence of the gun based on all the surrounding circumstances. The evidence was sufficient to support defendant's conviction for purposes of allowing a remand.

■ Last, we address the issue of merger since it may recur on retrial. The State concedes that the two lesser-included offenses, *i.e.*, possession and possession with intent to deliver, merge into the cannabis trafficking offense. (*People v. Barraza* (1993), 253 Ill. App. 3d 850, 626 N.E.2d 275.) However, the State contends that the cannabis trafficking charge is not a lesser-included offense of the armed violence charge. *People v. Green* (1990), 199 Ill. App. 3d 927, 557 N.E.2d 939.

In *Green* defendant was convicted of possession of a controlled substance with intent to deliver. He was also convicted of armed violence, predicated upon the possession of a controlled substance. This court held that because of the added element of intent to deliver, the unlawful possession of a controlled substance with intent to

deliver offense would not be an included offense of armed violence. (See *People v. Smith* (1980), 78 Ill. 2d 298, 306, 399 N.E.2d 1289, 1294 (to be a lesser-included offense, all the elements of the lesser must be included within the greater).) Of course, possession of cannabis would be a lesser-included offense of possession of cannabis with intent to deliver. Even where lesser-included offenses are not involved, however, multiple convictions and concurrent sentences cannot be permitted where more than one offense is carved from the same physical act. *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844.

In *Green* we pointed out that the armed-violence conviction could be based on the contents of the right-hand pocket, while the possession with intent to deliver could be based on six bags subsequently found in the left-hand pocket. (*Green*, 199 Ill. App. 3d at 932, 557 N.E.2d at 942; see also *People v. Dixon* (1982), 91 Ill. 2d 346, 356, 438 N.E.2d 180, 185 (separate blows administered during a beating were separate acts).) In this case, in contrast, there was only a single quantity of cannabis, although a very large quantity. The cannabis possessed under the armed violence count is the same cannabis possessed with intent to deliver under the cannabis trafficking count. Multiple convictions and concurrent sentences cannot be permitted for armed violence and cannabis trafficking in this case.

In conclusion, we reverse on the basis that there was no understanding jury waiver in open court, and we remand the cause for a new trial.

Reversed, and cause remanded.

McCULLOUGH, P.J., and LUND, J., concur.