THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN R. SANDHAM, Defendant-Appellant.

Fourth District    No. 4—94—0212

Argued September 19, 1995.—Opinion filed November 7, 1995.

Daniel D. Yuhas and Duane E. Schuster (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a bench trial conducted in the circuit court of Livingston County, defendant John Sandham was found guilty of aggravated criminal sexual abuse. (720 ILCS 5/12—16(c)(1)(i) (West

1992).) Defendant was sentenced to five years' imprisonment, with credit for 344 days previously served.

The issues are whether (1) defendant is entitled to a new trial because the trial court failed to secure his signed, written waiver of jury trial or, in the alternative, because defendant did not knowingly and voluntarily waive his right to a jury trial; (2) reversible error occurred when the trial court failed to *sua sponte* order a fitness hearing prior to trial or sentencing; (3) the trial court erred in admitting hearsay statements of the victim without properly determining their reliability; (4) defendant was improperly convicted of aggravated criminal sexual abuse based on evidence of an incident involving the victim with which defendant was not charged; (5) the trial court improperly excluded testimony offered by defendant to establish defendant's character and reputation for morality and decency; and (6) defendant was proved guilty of aggravated criminal sexual abuse beyond a reasonable doubt. We affirm.

The facts will not be reviewed in detail.

■ The first issue is whether defendant is entitled to a new trial because the trial court failed to secure his signed, written waiver of jury trial or, in the alternative, because defendant did not knowingly and voluntarily waive his right to a jury trial. On March 26, 1993, in open court, the defendant's counsel advised the trial judge that defendant would (1) waive preliminary hearing, (2) plead not guilty, and (3) "also be waiving jury and asking that this matter be set at the court's earliest convenience for bench trial." The State concedes that defendant did not sign a written jury waiver. The defendant concedes, by arguing plain error, that the issue was not raised in the trial court.

In *People v. Daniels* (1995), 273 Ill. App. 3d 645, 646-48, this court reversed because of the absence of a written jury waiver, declined to find waiver of the issue on appeal, and rejected the State's arguments regarding separation of powers and harmless error. We find *Daniels* distinguishable from the case at bar and further find that the failure to obtain a written jury waiver in this case amounted to harmless error.

In *Daniels*, this court said that the signing of an order by the defendant did not satisfy the requirement of written jury waiver because the record did not indicate the defendant understood the term "bench trial." In *Daniels*, the defendant also raised an issue of whether his jury waiver was knowing, intelligent, and voluntary, and this court considered that issue along with the question of whether the jury waiver must be in writing. The *Daniels* decision was based not only on the absence of a written jury waiver, but on our determi-

nation that the waiver was not knowing, intelligent, and voluntary. In this case, the trial judge took greater pains to explain what a waiver of a jury trial meant. Defendant nevertheless argues that the trial judge's explanation in this case was confusing and he could not have fully appreciated the right he was waiving. Defendant also points to the deficiencies in defendant's mental stability to support the argument.

There is no set formula for determining whether a waiver was knowingly made. (*People v. Roberts* (1994), 263 Ill. App. 3d 348, 351, 636 N.E.2d 86, 88-89.) Without going into defendant's mental condition, which will be addressed in the analysis of the next issue, defendant's oral waiver of jury trial in open court was understandingly made. (725 ILCS 5/103—6 (West 1992).) There was an affirmative statement by defendant's attorney made in the presence of defendant and inquiry directed by the trial court to the defendant. The defendant was advised that he had a right to a jury trial or a trial by a judge. While the trial judge could and should have gone into more detail in his admonishments, under the totality of the circumstances, defendant understood he was agreeing not to be tried by a jury.

The legislature has stated that waiver of a jury trial be evidenced by a written document. This requirement is not confusing and can easily be complied with by the trial court. We do not condone the failure to obtain a written jury waiver. However, we decline to find that the failure to obtain a written waiver of jury trial requires reversal of a defendant's conviction in all cases. (See *People v. Jennings* (1994), 268 Ill. App. 3d 439, 444-46, 644 N.E.2d 1199, 1203-04; *People v. Nuccio* (1994), 263 Ill. App. 3d 315, 316-17, 636 N.E.2d 1154, 1155-56.) In this case, the failure to obtain a written waiver was harmless error.

The next issue is whether reversible error occurred when the trial court failed to *sua sponte* order a fitness hearing prior to trial or sentencing. In a letter addressed to the trial judge and filed March 30, 1993, defendant requested a 14-year sentence without good time and concluded, "Then I can proceed with my real life and have no regrets about ending this one." At a pretrial hearing conducted April 22, 1993, defendant's counsel asked the court for permission to employ a psychiatrist for the purpose of determining defendant's fitness. Defendant's attorney indicated he would follow the oral request with a written motion, and if the court would indicate whether it would grant such a motion, he would arrange the exam. The trial court indicated it would grant the motion. Defendant's attorney stated he would furnish an order. No written motion was filed and no written order was entered. Subsequently, there was a motion to

continue asserting in part defendant was admitted to the psychiatric ward at BroMenn Hospital on May 10, 1993.

The jury trial commenced on September 13, 1993. The State presented four witnesses in its case in chief. The defendant presented his own testimony and the testimony of four other witnesses. We have thoroughly reviewed the evidence presented. None of the evidence presented by defendant himself or witnesses in his behalf testified to his fitness to stand trial.

Prior to sentencing, defendant was allowed to attend an appointment for a "first visit and physical examination" at the Carl Pfeiffer Treatment Center in Naperville, Illinois, but there is no evidence in the record to indicate the reason for the visit.

During sentencing there was reference to a report from the treatment center indicating a slight chemical imbalance which could be treated. The trial judge also referred to a presentence investigation report discussing defendant being in Menard psychiatric unit from October 3, 1990, to February 1, 1991. The Pfeiffer report and the presentence investigation report are not in the record on appeal.

It is defendant's argument that a *bona fide* doubt regarding his fitness was raised. Section 104—11(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/104—11(a) (West 1992)) states:

"The issue of the defendant's fitness for trial, to plead, or to be sentenced may be raised by the defense, the State or the Court at any appropriate time before a plea is entered or before, during, or after trial. When a bona fide doubt of the defendant's fitness is raised, the court shall order a determination of the issue before proceeding further."

In *People v. Smith* (1993), 253 Ill. App. 3d 948, 953, 625 N.E.2d 897, 900-01, this court stated:

"Whether a *bona fide* doubt has been raised rests within the discretion of the trial court, and a court of review will reverse that decision only if the trial court has abused its discretion. (See *People v. Thomas* (1993), 246 Ill. App. 3d 708, 713-14, 616 N.E.2d 695, 699.) The supreme court in *Eddmonds* wrote the following:

'Relevant factors which a trial court may consider in assessing whether a *bona fide* doubt of fitness exists include a defendant's "irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." (*Drope v. Missouri* (1975), 420 U.S. 162, 180, 43 L. Ed. 2d 103, 118, 95 S. Ct. 896, 908.) The representations of defendant's counsel concerning the competence of his client, while not conclusive, are another important factor to consider. (*Drope v. Missouri*, 420 U.S. at 177 n.13, 43 L. Ed. 2d at 116 n.13, 95 S. Ct. at 906 n. 13.) ***' *Eddmonds*, 143 Ill. 2d at 518, 578 N.E.2d at 959."

In this case, there is no evidence of defendant's condition or an expert opinion regarding his fitness to stand trial. There is no evidence of the nature of defendant's treatment in the psychiatric ward. Defendant's conduct during trial demonstrated his ability to understand the nature of the charges against him and to assist in his defense. Defendant testified at trial, and his answers to questions were direct and responsive. His explanations were consistent with his defense. There was no abuse of discretion based on the failure of the trial court to order a fitness examination prior to trial.

Concerning fitness for sentencing, the trial judge had an opportunity to observe defendant's actions as well as hear his words, and the trial judge did not find a *bona fide* doubt as to defendant's fitness. At hearings which were held shortly before sentencing, defendant's comments were appropriate in the context of those hearings. On October 15, 1993, defendant pleaded guilty to the unrelated charge of criminal trespass to real property (Livingston County case No. 93—CM—462), and his answers to the trial judge's questions to determine the voluntariness of his guilty plea were direct and responsive. The record of the November 21, 1993, hearing on the post-trial motion did not concern defendant's fitness and does not reflect anything occurred that would alert the trial court to defendant's fitness. Defendant has failed to demonstrate an abuse of discretion on the part of the trial court in failing to order a fitness hearing at the time of sentencing.

The next issue is whether the trial court erred in admitting hearsay statements of the victim without properly determining their reliability. Defendant argues the testimony about out-of-court statements made by the victim A.A. to Dr. Pamela Karen Kidd, Bill Holzhauer, Melissa Atkins, and police officer Jack Bristow was improper.

This issue is waived because it was not raised in the post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130.) In addition, defendant did not contend in his original brief that the error amounts to plain error. (134 Ill. 2d R. 615(a).) Defendant did argue plain error in the reply brief, but arguments not raised in the appellant's original brief may not be raised in the reply brief or at oral argument. (155 Ill. 2d R. 341(e)(7); 134 Ill. 2d R. 612(i); *People v. Balaj* (1994), 265 Ill. App. 3d 1070, 1077, 638 N.E.2d 377, 381-82.) Moreover, by failing to object and by cross-examining on several of the points about which defendant now complains, defendant has waived for purposes of appeal any challenges to this testimony on this ground. *People v. Schmitt* (1990), 204 Ill. App. 3d 820, 828, 562 N.E.2d 377, 383-84.

Similarly, the issue of whether defendant was improperly

convicted of aggravated criminal sexual abuse based on evidence of an incident involving the victim with which defendant was not charged is waived. Defendant failed to object at trial and cross-examined on this point. Defendant does not argue plain error.

■ The issue of whether the trial court improperly excluded testimony offered by defendant to establish his character and reputation for morality and decency was waived because it was not included in the post-trial motion, but defendant does suggest that this can be plain error. Defendant sought to introduce this evidence in questions to Kelly Marie Bertram and Ervin Sandham.

Evidence of defendant's good character as it relates to the nature of the crimes charged, including his reputation for chastity, morality, and decency, is admissible, but evidence of specific acts or personal opinion is inadmissible. (*People v. Petitt* (1993), 245 Ill. App. 3d 132, 148, 613 N.E.2d 1358, 1371.) The trial court properly limited the testimony. Defense counsel was attempting to introduce evidence of specific incidents or the lack thereof. No abuse of discretion occurred. No error, plain or otherwise, has been demonstrated.

■ The defendant's final issue is whether he was proved guilty of aggravated criminal sexual abuse beyond a reasonable doubt.

"When faced with a challenge to the sufficiency of the evidence, the reviewing court is not required to ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt. *** A reviewing court will not substitute its judgment for that of the fact finder on questions involving the weight of the evidence or the credibility of the witnesses ***." (Emphasis in original.) *People v. March* (1993), 250 Ill. App. 3d 1062, 1070, 620 N.E.2d 424, 430.

On review, this court considers the evidence in the light most favorable to the prosecution.

The victim was two years old and the defendant was 33 years old at the time of the offense. Defendant acknowledged that the victim came into the bathroom and pulled on his penis while he was urinating. Dr. Kidd testified that her findings on physical examination of A.A. were consistent with sexual abuse. Bill Holzhauer, Melissa Atkins and Officer Bristow also testified concerning the incident. The evidence was sufficient to prove defendant guilty beyond a reasonable doubt. The judgment of the circuit court of Livingston County is affirmed.

Affirmed.

GARMAN, J., concurs.

JUSTICE STEIGMANN, specially concurring:

Although I agree with the majority opinion, I write specially to indicate my disagreement with *Daniels* to the extent that it could be read as standing for the proposition that the failure of a trial court to obtain a written jury waiver constitutes automatic reversible error of a conviction obtained at a bench trial.

The primary cases upon which *Daniels* relied, *Jennings* and *Nuccio*, are both erroneous. In *Nuccio*, the defendant argued that he could not be held to have acquiesced in his counsel's waiver of jury trial made outside defendant's presence. Defendant further argued that he did not waive his right to a jury trial simply by remaining silent during trial. (*Nuccio*, 263 Ill. App. 3d at 316, 636 N.E.2d at 1155.) The Second District Appellate Court chose not to address that issue on its merits but instead decided the issue based on the court's reading of section 115—1 of the Code (725 ILCS 5/115—1 (West 1992)). The appellate court held that defendant's jury waiver was defective because he never executed a written jury waiver, as required by section 115—1 of the Code. The *Nuccio* decision does not indicate whether defendant failed to raise the jury waiver issue in a post-trial motion.

In *Jennings*, as in the present case, the defendant failed to raise this issue in his post-trial motion, but the Third District Appellate Court rejected the State's waiver argument in the following two-sentence analysis: "Supreme Court Rule 615(a) provides that 'defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.' [Citations.] The right to a jury trial is a substantial right, and issues regarding the waiver of that right should be considered even when not properly preserved. *People v. Watson* (1993), 246 Ill. App. 3d 548, 616 N.E.2d 649." *Jennings*, 268 Ill. App. 3d at 444, 644 N.E.2d at 1203.

There are at least two things wrong with this analysis. First, *Watson* dealt with a purported jury waiver made by defense counsel outside of the presence of the defendant, and the appellate court held that the record failed to establish that the defendant knowingly and voluntarily surrendered his right to a jury trial. However, in *Jennings*, as in *Daniels*, no claim exists that the defendant did not knowingly and voluntarily waive his right to a jury trial; instead, in *Daniels*, the defendant merely claims that he did not execute a written jury waiver.

Second, the statement of the third district that "[t]he right to a jury trial is a substantial right" (268 Ill. App. 3d at 444, 644 N.E.2d at 1203) and, therefore, defects affecting this substantial right may be noticed as plain error under Supreme Court Rule 615(a) is, at best,

disingenuous. The issue both in *Jennings* and in *Daniels* had nothing to do with whether the defendant knowingly waived a substantial right (namely, his right to a jury trial). The issue really is simply one of the consequences of the trial court's failure to comply with a prophylactic rule (signing a written jury waiver) designed to impress upon the defendant the importance of the action he is taking.

To put the matter another way, section 115—1 of the Code *need not* require that a jury waiver be in writing, and if it did not so require, no "substantial right" would have been presented to this court in *Daniels* or to the third district in *Jennings*. When so viewed, it is clear that we are dealing with a *statutory* right, not a *constitutional* one. If this is so, how does a trial court's failure to enforce the defendant's statutory right (by ensuring that he sign a jury waiver) constitute *automatic* plain error under Rule 615(a)? Such a holding would not comport with *Enoch*, which held that under Rule 615(a), "any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." *Enoch*, 122 Ill. 2d at 189, 522 N.E.2d at 1131.

As a last point, note that section 115—1 of the Code did not always read as it does presently. Prior to its amendment in 1987, it simply provided that all prosecutions shall be tried by a jury "or the court when a jury is waived by the defendant in open court." (Ill. Rev. Stat. 1985, ch. 38, par. 115—1.) In 1987, the legislature added the language requiring a defendant to execute a jury waiver in writing as part of other changes which permitted a bench trial only when both "the State and the defendant waive such jury trial in writing" in certain prosecutions. (Ill. Rev. Stat. 1987, ch. 38, par. 115—1.) Subsequently, the supreme court voided that portion of the statute when the court held that the State's right to insist upon a jury trial violated the Illinois Constitution. (See *People ex rel. Daley v. Joyce* (1988), 126 Ill. 2d 209, 533 N.E.2d 873.) As a result, the legislature deleted the now-unconstitutional provisions from that section but left the language about defendant's waiving a jury trial "in writing." Ill. Rev. Stat. 1991, ch. 38, par. 115—1 (as amended by Pub. Act 87—410, eff. January 1, 1992 (1991 Ill. Laws 2029)).

This brief legislative history reveals that the second and third districts seriously erred when they created their "automatic reversible error" assessments in *Nuccio* and *Jennings*; the legislature never intended any such thing. In *Daniels* and the present case, this court addressed a prophylactic *statutory* rule, and the majority opinion now constitutes a rejection of both *Nuccio* and *Jennings*.